THE STATE v. BROWN.

1. **Criminal Law:** ASSAULT WITH INTENT TO KILL: DEADLY WEAPON. An instrument may or may not be a deadly weapon, depending on the manner of its use. In this case, where an assault was made with premeditation, and with a total disregard of consequences, with a stick three feet long, three inches wide and one inch thick, under the circumstances disclosed by the evidence, (see opinion,) *held* that the jury was warranted in finding the defendant guilty of an assault with intent to murder.

*Appeal from Cass District Court.*

FRIDAY, OCTOBER 23.

THE indictment charges that "the defendant and John Hall, with their hands and deadly weapons, to-wit, a certain piece of wood, the particular description of which is to the grand jury unknown, and with certain revolvers which were then and there loaded and charged with powder and ball, and held in the hands of the said Grant Brown and John Hall, unlawfully,   *   *   *   and with malice aforethought, and with intent to kill and murder one W. W. Eller, did then and there make an assault upon the person of the said Eller," etc.   The defendants pleaded not guilty.   Trial by jury, and, both being found guilty of an assault with intent to commit murder, judgment was rendered on the verdict.   The defendant Brown appeals.

*L. L. De Lano,* for defendant.

*A. J. Baker, Attorney-general,* for the State.

SEEVERS, J.—The jury were warranted from the evidence in finding that several persons had assembled at a school-house for a lawful purpose, and that Eller, the person alleged to have been assaulted, was seated, quietly conversing with others, when he was approached by the defendant, who asked Eller if he had testified that he would not believe the defendant under oath.   Upon Eller's replying that he had, the defendant struck him with a piece of wood, which was about three feet long, three inches wide and one inch thick.   The jury were warranted in finding that the assault was premediated, because of the defendant's having whittled the stick down at one end so as to give him a good hand-hold, and from a remark made while preparing the stick, immediately prior to the assault.   The jury were also warranted in finding that in giving the blow the defendant used both hands.   They were

The State v. Brown.

also warranted in finding that thereafter the defendant struck Eller again with the stick, and drew a revolver, and more than once threatened to shoot him.    There is evidence tending to show that Eller, either just prior to being struck, or about that time, drew or attempted to draw a revolver; but the jury were warranted in finding that he did not do so until after he was struck, and that he made no attempt or threat to shoot.

It is urged that the verdict is not sustained by the evidence, but we are satisfied that the defendant made a wicked assault on Eller with the stick; that he did so premeditatedly, and that he on more than one occasion drew his revolver and threatened to shoot Eller.   The only possible doubt there can be is as to the intent with which the assault was made. Upon a careful consideration of the evidence we do not think we should interfere with the finding of the jury in this respect.    The weapons used, the premeditation, and all the circumstances attending the assault, lead us to the conclusion that the assault was made with a deadly purpose.    It clearly was made recklessly and with a total disregard of consequences.    It was unprovoked and wicked.    The revolvers were, of course, deadly weapons; but it is said the stick was not; but we cannot so say as a matter of law.    This, we think, was a question for the jury.    An instrument may or may not be a deadly weapon, depending on the manner in which it is used.    It is probable that a riding-whip should not be so regarded.    A base-ball bat, if viciously used, probably should be.    We think death might be caused by the use of the stick with which the assault was made in this instance. The jury might well so conclude from all the circumstances in the case.    We cannot interfere with the verdict.    The instructions are criticised mainly on the ground that they are not sufficiently certain and definite as to whether the stick should or could be regarded as a deadly weapon.    We have each of us separately read the instructions, and have separately reached the conclusion that they are not erroneous

in this or any other respect. We deem it unnecessary to set them out or state the reasons upon which our conclusions are based.

AFFIRMED.