# Steve Tribble v. The State.

## *Murder.*

[DECIDED APRIL 19, 1906, 40 So. REP. 938.]

1. *Homicide; Evidence; Character of Deceased.*—It is improper to inquire into the general character of the deceased for peace and quiet without coupling such proof with proof of whether or not he was a violent, dangerous, blood-thirsty, turbulent man, even where there was some evidence of self-defense on part of defendant, and the court properly sustained objection to such questions.
2. *Same; Instructions; Murder in First Degree.*—A charge asserting that if defendant went with his gun for the purpose of killing deceased, waited until deceased came and then killed him, defendant was guilty of murder in the first degree, provided the jury had a fixed conviction of these facts from the evidence, correctly states the law.

3. *Criminal Law; Agreement of Jury; Instructions.*—A ·charge asserting that all the jury must agree before the defendant could be acquitted or convicted is proper.

4. *Same; Reasonable Doubt.*—A doubt to acquit must be an actual, substantial doubt, not a mere possible doubt; and it must grow out of the evidence, after considering all the evidence.

5. *Same; Instructions· Argumentative; Emphasizing Portions of the Evidence.*—Charges intended merely as an answer to argument of the solicitor, and charges singling out or emphasizing portions of the evidence are properly refused.

6. *Homicide; Self Defense; Instructions.*—Charges invoking the doctrine of self defense which ignore freedom from fault in bringing on the difficulty, not hypothesizing danger, real or apparent, or the duty to retreat, are faulty and properly refused.

7. *Same; Question of Law and Fact; Deadly Weapon.*—The question of whether a weapon is deadly or not is generally a question of law for the court; but whether a rock is a deadly weapon or not is a mixed question of law and fact, proper to be submitted to the determination of the jury, under proper instructions from the court.

8. *Same; Instructions; Self Defense.*—A charge that "the law will justify the taking of human life to prevent a felonious assault on the person," is bad and properly refused.

APPEAL from Limestone Circuit Court.
Heard before Hon. D. W. SPEAKE.

The defendant was indicted and tried for killing one Beddingfield by shooting him with a gun. The evidence showed without conflict that the defendant shot and killed deceased. There was conflict in the evidence as to who brought on the difficulty that resulted in the killing, and as to whether or not the defendant acted in self-defense when he fired the fatal shot.

In his oral charge to the jury, the court used the following language: "To establish to your reasonable satisfaction that at the time he killed Beddingfield the defendant was in imminent danger of life or limb, the burden of proof is on the defendant. If the jury have a reasonable doubt as to whether defendant was in imminent danger of life or limb, they must give him the benefit of the

doubt. As to proving imminent peril and the inability to escape, the burden of proof is on the defendant; that if the proof failed to show that defendant was in imminent danger, or that he had impressed on his mind a reasonable belief that he was in such danger, then self-defense is not made out."

The following charges were requested by the state and given by the court: Charge A: "I charge you, gentlemen of the jury, that if, after considering all the evidence, you have a fixed conviction that the defendant went to the spring with his gun for the purpose of killing the deceased, and waited until the deceased came, and then shot and killed him, he would be guilty of murder in the first degree." Charge B: "I charge you, gentlemen of the jury, that all 12 of you must agree before you can acquit or convict the defendant." Charge C: "I charge you, gentlemen of the jury, that the doubt that would justify an acquittal must be actual and substantial, not a mere possible doubt, because everything relating to human affairs and depending on moral testimony is open to some possible or imaginary doubt." Charge D: "I charge you, gentlemen of the jury, that a reasonable doubt that would justify an acquittal must grow out of the evidence after the consideration of the whole of the evidence in the case."

The defendant requested the following charges, which the court refused to give: "(a) If the defendant entertained a reasonable and honest belief that his life or limb was in imminent danger from the assault or threatened assault of the deceased, if there was any such assault, or if the jury have a reasonable doubt as to whether the defendant entertained such a belief, you will find the defendant not guilty. (b.) I charge you that the dicta of Mr. Justice Stone read to you by the solicitor in his closing argument is not the law in this case. (c) I charge you that the law read you by the solicitor from the case of Ex parte Nettles, 58 Ala. 274, has no application to this case. (d) That portion of the opinion of the Supreme Court, 58 Ala. 274, read in your hearing by the so-

licitor in his closing argument, was written in condemnation of the opinion of the Supreme Court of the State of Mississippi in the case of Ex parte Wray, 30 Miss. 673, and the same is not the law, and has no application in this case. (e) I charge you that that portion of the opinion of the Supreme Court from the case of Ex parte Nettles read to you by the solicitor in the closing argument was mere dicta, and is not law, and the said opinion was on an appeal from a hearing on application for habeas corpus, and was not such a trial as is being held in this case. (f). The law does not require that a person upon whom is made a felonious assault with a deadly weapon shall retreat; nor does the law require that the danger of life or limb should be real, but authorizes him to act upon appearances when sufficient to create in the mind of a reasonable man a just apprehension of imminent danger to life or limb. (g) While the burden of proof is in some sense upon the defendant to establish his plea of self-defense, yet if, upon all the evidence, the jury have a reasonable doubt as to that matter, the defendant is entitled to the benefit of that doubt, and to a verdict of not guilty. (h) You cannot take the law as read by the solicitor from the books, but you must take it as given you by the court, both in his oral charge and his written charges given you. (i) In considering whether the defendant acted in self-defense, the jury will look to the character of and the threats made by the deceased, and all the circumstances surrounding the parties at the time of the shooting. (j) Threats by the deceased against the defendant, when communicated to the latter, in connection with the known, violent, dangerous, and bloodthirsty character of the deceased, may be looked to by the jury as justifying prompt and decisive measures by the defendant when a demonstration was made by the deceased at the time of the difficulty, if in fact any such demonstration was made. (k) The defendant had the right to consider the previous threats of the dead man against his life, in connection with the demonstration made by the deceased at the time of or just prior to the

[Steve Tribble v. The State.]

fatal shot, if any demonstration was in fact made by the deceased at such time. (1) If the defendant, by attempting to retreat, would have placed himself in greater peril than he then was, then there was no duty upon him to retreat. * * * (n) I charge you that in arriving at your verdict you must consider the character of the deceased, Charles Beddingfield, as it was offered and admitted in evidence. (o) I charge you that if the deceased was a known violent, dangerous and bloodthirsty character, or if he had made threats against the defendant which had been communicated to the defendant, the defendant was justified under the law in meeting force with force, and in striking even unto the death, when a hostile demonstration was made against him by the deceased with a deadly weapon. (p) A reasonable belief, begotten by attendant circumstances fairly creating it and honestly entertained, will justify a homicide upon the proper conditions. (q) I charge you that as a matter of law the rock described by the defendant under the circumstances as detailed by him was a deady weapon. (r) To establish the plea of self-defense the defendant is required to show only that at the time of the firing the fatal shot he was in imminent peril of life or limb, or that he reasonably appeared to be in such peril. (s) I charge you that, if the deceased made a felonious assault upon the defendant with a deadly weapon within close proximity to the defendant, there was no duty upon the defendant to retreat before striking in defense of his life or to save himself from grievous bodily harm. (t) The law will justify the taking of human life to prevent a felonious assault on the person. (u) The known violent and bloodthirsty character of the dead man is a material matter to be considered by the jury in determining who was the aggressor, as more prompt and decisive measures of defense are justifiable against such an assailant."

The defendant was convicted and sentenced to the penitentiary for 10 years.

M. K. CLEMENTS and ERLE PETTUS, for appellant. There was evidence tending to show self defense. When

this is the issue it is competent to show the violent and dangerous character of the deceased.—*Roberts v. State,* 68 Ala. 165; *Eiland v. State,* 52 Ala. 334. It is not essential that the defendant should show that the deaceased, or the person assaulted, possessed all the evil passions of hades. The proper predicate of knowledge being laid, counsel should be free to ask such legal questions as they may elect.—*DeArman v. State,* GV *Ala.* 351. The court below erred in confining and limiting the scope of the questions as to the character of deceased to those incorporating "violence, blood-thirstiness, turbulence and danger."—*Jackson v. State,* 77 Ala. 24, and authorities *supra.*

On the question of self defense the burden of proof is not on the defendant to make out his defense, but the correct rule is that if all the evidence raises in the minds of the jury a reasonable doubt as to whether he acted in self defense, he should be acquitted.—*Henson v. State,* 112 Ala. 41, 21 South. 79. Hence the court erred in his oral charge on self defense.

Charge a, given for the state ,was bad. It needs qualification or modification, and if so it ought to be refused. *Eiland v. State,* 52 Ala. 322; *A. G. S. R. R. Co. v. Moody,* 92 Ala. 279, 9 South. 238.

The remarks of the court made *ex mero motu* explanatory of the charge requested by the defendant and given by the court were improper and injurious to defendant. *Burton v. State,* 115 Ala. 1, 22 South. 585.

Charges b, c, d, and e should have been given. They assert simply that the solicitor cannot give the jury the law.

Charge f, asserts a correct proposition of law.—*Storey v. State,* 71 Ala. 329; *Rogers v. State,* 62 Ala. 170.

Charge g correctly states the law, and should have been given in view of the reiterated statement of the court that the burden was on the defendant.—*Henson v. State, supra; Dent v. State,* 105 Ala. 94.

[Steve Tribble v. The State.]

Charge h was requested as a protection to the defendant against the excerpts read from the Nettles case by the solicitor, and should have been given.

Charge i should have been given. Whenever there is a question as to who was the aggressor, the bad character of the deceased and threats made by him are competent to be considered by the jury in determining who brought on the difficulty.—*Roberts v. State,* 68 Ala. 165; *Eiland v. State,* 52 Ala. 334; *DeArman v. State,* 71 Ala. 351. .

On the same authorities charge j should have been given. Charge k is correct and should have been given.

Charge l should have been given.—*Lowery v. State,* 103 Ala. 50, 15 So. Rep. 641; *De Arman's case,* 77 Ala. 10; *Hemmill v. State,* 90 Ala. 577, 8 South. 380: *Sullivan v. State,* 102 Ala. 143, 15 South. 264.

Charge q, in view of the evidence that the defendant was a small man weighing about 130 pounds, and that the deceased was a large man weighing about 185 lbs. and that deceased drew a large rock weighing about 3 or 4 lbs. on defendant, ought to have been given.—*Winter's case,* 123 Ala. 1, 26 South. 949; *Sylvester's case,* 72 Ala. 206

Charges s and t should have been given on authority of *Storey's case, supra.*

Charge u ought to have been given, under the evidence in this case.—*Gafford v. State,* 122 Ala. 54; *Fields v. State* 47 Ala. 602; *Prichett v. State,* 22 Ala. 39; *Franklin v. State,* 29 Ala. 14.

MASSEY WILSON, Attorney-General for the State.—The testimony offered as to the character of the deceased, not being coupled with his character for violence, bloodthirstiness, etc., was properly excluded by the court.—*Cleveland v. State,* 86 Ala. 109; *Smith v. State,* 88 Ala. 73; *Roberts v. State,* 68 Ala. 156; *Rhea v. State,* 100 Ala. 119; *Williams v. State,* 74 Ala. 18; *Karr v. State,* 100 Ala. 4; 25 Am. & Eng. Ency. Law (2 Ed.) 281.

The court's oral charge correctly placed the burden of proof, on the issue of imminence of peril and inability to retreat.—*Linehan v. State,* 113 Ala. 70. Charge A.

[Steve Tribble v. The State.]

given for the State was correct.—*Reese v. State*, 133 Ala. -3; *Mitchell v. State*, 60 Ala. 26. Charge B. stated the law. *Hall v. State*, 122 Ala. 85. There was no merit in the objection to the court's explanation of charge 13. Authority supra. Charge C was correct.—*Little v. State*, 89 Ala. 99. Charge D was also good.—*Winter v. State*. 132 Ala. 32.

Charge a, refused to the defendant was bad in not hypothesizing defendant's freedom from fault in going to the scene of the difficulty, and his inability to retreat. Charge b. c. d. and e were answers to the argument of the solicitor, and bad.—*White v. State,* 133 Ala. 122. Charge f was faulty. The person assaulted must retreat unless by so doing he increases his peril.—*Kennedy v. State.* 140 Ala. 1. Charge g, has been many times condemned by this court.—*Mann v. State,* 134 Ala. 1 (charge 23); *Smith v. State,* 130 Ala. 55. Charge h was a mere argument. Charges i, j, k, n and u, single out and make unduly prominent some parts of the evidence.—*Hussey v. State,* 86 Ala. 34; *Smith v. State,* 88 Ala. 73; *Cooper v. State,* 88 Ala. 117; *Riley v. State,* 88 Ala. 188; *Bancroft v. Otis,* 91 Ala. 292, collecting the authorities. L was substantially given in 2. O omits all reference to freedom from fault.—*Reese v. State,* 135 Ala. 13; *Hendricks v. State,* 122 Ala. 42, 46. P ignores retreat and freedom from fault. Q. was bad. *Winter v. State,* 123 Ala. 1. The other charges were bad in not properly hypothesizing the facts constituting self defense, and the necessity of retreat and freedom from fault.

HARALSON, J.—The same question propounded to the witness, McCormack: "Do you know his (the deceased) character for peace and quiet in the community in which he lived?" was propounded by the defendant to several other witnesses and ruled out by the court, unless the defendant on the examination of the witnesses as to the character of deceased, would embrace in the questions, whether the character of the deceased was that of a violent, dangerous, turbulent and bloodthirsty man.

[Steve Tribble v. The State.]

There was evidence tending to show that defendant acted in self-defense, when the deceased by his conduct was threatening to take his life. Under such circumstances, more prompt and decisive measures of defense are justified, when the assailant is of known violent and bloodthirsty nature than when not.—*Rhea v. State,* 100 Ala. 119, 14 South. 853; *DeArman v. State,* 71 Ala. 351; *Cleveland v. State,* 86 Ala. 1, 5 South. 426; *Jackson v. State,* 77 Ala. 24; *Storey v. State,* 71 Ala. 331. In these cases, we regard the question at issue as satisfactorily settled. The court did not err in these several rulings.

There was no error of which defendant could complain in portions of the oral charge given to the jury, numbered on the margin 5 1-2, 6, 7 and 8.—*Linehan v. State,* 113 Ala. 72, 84, 21 South. 497.

Nor was there error in the charge for the state indicated by the letter A. Code 1896, § 4854; *Reese v. State,* 135 Ala. 13, 33 South. 672; *Mitchell v. State,* 60 Ala. 26.

Charge B, given for the state, was correct. Charge 13, asked by defendant, was correctly explained by the court.—*Hale v. State,* 122 Ala. 89, 26 South. 236.

Charge 3 was also free from reversible error.—*Little v. State,* 80 Ala. 102, 8 South. 82.

We are unable to perceive any error in charge D.

Charges b, c, d, e and h, were intended apparently to refute or offset parts of the argument of the solicitor, and on that account, if for no other reason, were not improperly refused.—*White v. State,* 133 Ala. 123, 32 South 139; *Mitchell v. State,* 129 Ala. 39, 30 South. 348.

Charges f, g and r ignore all consideration as to whether defendant was free from fault in bringing on the difficulty, and this is sufficient to condemn them without reference to any other vice they may contain.

Charges i, j, k, o and n, single out and give undue prominence to the features of the evidence referred to in them.

Charge l ignores freedom from fault in bringing on the difficulty.

Charge p does not hypothesize danger, and ignores freedom from fault in precipitating the difficulty.

[Steve Tribble v. The State.]

The question of whether or not the weapon was a deadly one, is generally not a question of fact for the jury, but one of law for the decision of the court.—*Sylvester v. State,* 71 Ala. 17; and whether a particular weapon is deadly or otherwise is, in many cases, a question for the jury to be determined from the description of the weapon, the nature and locality of the wound, if any has been produced, and the circumstances proved.—*Tesney v. State,* 77 Ala. 33.

In this case the evidence as to the weapon was that when deceased saw defendant he cursed him and said he would kill him. As defendant testified, "He drew a large rock, weighing three or four pounds on me, and as he made the threats I picked up my gun from the ground and fired as quickly as possible   *   *   *   Charles (the deceased) was within five or six steps of me when he attempted to throw the rock. I had just gotten there. I fired before he could throw the rock, but the rock was drawn back as I fired." Under all the circumstances detailed in the evidence, the question of the character of the weapon whether deadly or not, was one properly for the determination of the jury, and charge q was well refused.—*Tesney v. State, supra.*

Charge s ignores freedom from fault in bringing on the difficulty, and the doctrine of retreat is imperfectly stated. If defendant could have retreated safely, it was his duty to do so, and this question the charge ignores.

Charge t was erroneous and was properly refused.

Charge u gives undue prominence to one phase of the evidence, and is argumentative. There is no error in the record, and the judgment of the court is affirmed.

Affirmed.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ. concur.