# Stockdale *v.* The State.

## *Murder.*

(Decided Feb. 3rd. 1910—51 So. 563.)

1. *Jury; Venire; Service.*—Under the jury law for the Talledega City Court, (Acts 1894-5, p. 1221) it is not required that only those regular jurors who are summoned should be served upon the defendant for the trial of a capital felony.

2. *Charge of Court; Covered by Those Given.*—It is not error to refuse charges substantially covered by those given.

3. *Homicide; Self-Defense; Instructions.*—Charges seeking to justify a killing on the doctrine of self-defense should set out the justifying elements or constituents of self-defense, and if they pretermit consideration of freedom from fault in provoking or bringing on the difficulty, or defendant's honest belief of peril at the time the fatal blow was struck, they are faulty.

4. *Same.*—Instructions on self-defense which assume the existence of certain facts hypothesized indicating a reckless, turbulent, dangerous and bloodthirsty disposition on the part of the deceased, are improper as invading the province of the jury.

5. *Same.*—A charge hypothesizing an acquittal upon a reasonable doubt as to self-defense, which omits to set out the constituent elements of self-defense is bad.

APPEAL from Talladega City Court.

Heard before Hon. G. K. MILLER.

Zack Stockdale was convicted of murder in the second degree, and appeals. Affirmed.

The evidence for the state tended to show the killing of George Brown by Zack Stockdale by striking him twice with a rock—once while standing, and the second time while down on the ground as the result of the first blow. The evidence for the defendant tended to show that just before the difficulty Brown was speaking of having a pistol and threatening to shoot, and just before he was struck with a rock had his hand in his hip pocket, and was cursing the Stockdales and threatening to shoot it out with them.

[Stockdale v. The State.]

The following charges were refused to the defendant:

"(4) If the jury believe from the evidence that George Brown acted in such manner as to convey to Zack Stockdale the impression and belief that he was about to use a pistol for the purpose of attacking Zack Stockdale, and that from the surroundings retreat would have in-creased Stockdale's danger, then Stockdale was justified in using a rock to protect himself from such apprehend-ed attack.

"(5) If the jury believe from the evidence that Zack Stockdale did not provoke or bring on the difficulty, but met the deceased, George Brown, and in a peaceable manner asked him what was the matter, and that George Brown said, 'Get out of the way; I will shoot his damn brains out,' and pulled something out of his pocket, and the conditions surrounding the scene were such that re-treat on the part of Zack Stockdale would have increas-ed his danger, then Zack Stockdale was authorized to strike George Brown with a rock first, and the rule would not be varied if it should afterwards turn out that George Brown was unarmed."

"(7) If the jury believe from the evidence that, im-mediately previous to the throwing of the rock by the defendant, deceased made threats that he came there to kill or be killed, and, if anybody didn't believe that he had a good gun, let the women get out of the way, and he would show them; 'if the Stockdale niggers don't like it, we will shoot it out; I didn't come here to build any-thing up; I came here to tear down,' and deceased put his hand in his hip pocket and threatened to shoot de-fendant's brains out, this indicates a turbulent, reck-less, bloodthirsty disposition, and if such threats were heard by the defendant then he was justified in using more prompt and decided measures than if such threats had not been made; and if the defendant was free from

fault in bringing on the difficulty, and could not have retreated without increasing his danger, and Brown had impressed the defendant with the belief that he was about to draw and use a pistol, to the great bodily harm of the defendant, then the defendant is justified in striking him with a rock.

"(8) If, upon all the evidence, the jury have a reasonable doubt as to whether Zack Stockdale acted in self-defense or not, he is entitled to the benefit of the doubt, and to an acquittal."

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney General, and KNOX, ACKER, DICKSON & BLACKMON, for the State.—The court did not err in refusing to quash the venire. The jury law for the trial court does not require that only those jurors summoned should be served upon the defendant.— Acts 1894-5, p. 1221; *Parsons v. The State,* 81 Ala. 577. See, also, *Daughdrill v. The State,* 113 Ala. 7; *Caddell v. The State,* 129 Ala. 57; *Plant v. The State,* 140 Ala. 52; *Webb v. The State,* 100 Ala. 47. Charge 2 was properly refused.—*Keith v. The State,* 97 Ala. 32; *Goodwin v. The State,* 102 Ala. 87; *Jackson v. The State,* 78 Ala. 471; *Id.* 94 Ala. 90; Mayf. Dig., vol. 1, p. 801-6. Charge 4 was properly refused.—*Tribble v. The State,* 145 Ala. 23; *Stewart v. The State,* 133 Ala. 105. Charge 5 was bad.—*Pugh v. The State,* 132 Ala. 1. Charge 8 was patently defective.—*Pugh v. The State, supra; Mann v. The State,* 134 Ala. 1; *Miller v. The State,* 107 Ala. 40; *Smith v. The State,* 130 Ala. 95.

ANDERSON, J.—There was no merit in the motion to quash the venire because it contained regular jurors drawn, but not summoned. The jury law for the city court of Talladega (Acts 1894, p. 1221) makes the ve-

nire consist of special jurors drawn by the judge and the regular jurors drawn or summoned and does not require that only those summoned should appear upon the venire served on the defendant. Moreover, the day set for trial was of a subsequent week, and the order, as to the venire, complied with section 7256 of the Code of 1907. Therefore, whether the local or general law controlled matters not, as the venire should have contained the regular jurors drawn and not those who were summoned only.

Charge 2 refused to the defendant was, in effect, covered by given charge 6, and, whether good or bad, the trial court will not be reversed for refusing same.

Charge 4, requested by defendant, was properly refused. It seeks to justify, without setting out the justifying elements or constituents. It pretermits defendant's freedom from fault in provoking the difficulty.— *Tribble v. State,* 145 Ala. 23, 40 South. 938; *Stewart v. State,* 133 Ala. 105, 31 South. 944.

Charge 5, requested by the defendant, was properly refused. If not otherwise bad, it pretermits the defendant's honest belief of peril at the time he struck the fatal blow.

Charge 7, refused the defendant, was bad. If not otherwise faulty, it invaded the province of the jury in assuming that certain hypothesized facts indicated that the deceased was of a turbulent reckless dangerous and bloodthirsty disposition.

Charge 8, requested by the defendant, was properly refused. It seeks an acquittal under a reasonable doubt as to self-defense, and fails to set out the constituents of same.

The judgment of the city court is affirmed.

Affirmed.

McClellan, Mayfield, and Sayre, JJ., concur.