# CASES

# COURT OF APPEALS OF ALABAMA

## NOVEMBER TERM 1913-14.

## Turner v. The State.

### Murder.

(Decided May 19, 1914. Rehearing denied June 11, 1914. 65 South. 719.)

1. *Homicide; Evidence.*—Where the prosecution was for homicide, evidence that the father of deceased intended to make a visit to others prior to the fatal difficulty, to see them concerning certain misconduct charged against deceased, his son, with respect to a daughter of defendant, was irrelevant and inadmissible.

2. *Same; Subsequent Conduct of Defendant.*—The fact that defendant charged with homicide, was praying when seen a few hours after the fatal difficulty at a place some distance therefrom, was both irrelevant and immaterial.

3. *Same; Motion.*—The fact that some time prior to the killing the defendant charged with homicide had talked with his daughter, who was fourteen years of age, and with whom deceased had been charged with improper conduct, was inadmissible.

4. *Same; Instruction; Self-Defense.*—One who enters into a fight willingly cannot set up self-defense as against a charge of homicide resulting therefrom, since a necessity to kill brought about by one's own voluntary conduct cannot justify a homicide resulting therefrom; one cannot properly be said, however, to have entered willingly into a fight, when he is under the necessity of defending himself and his conduct is not occasioned by any fault of his own.

5. *Same.*—A charge asserting that one who is in imminent peril of losing his life, or of suffering grievous bodily harm from an assault, and who is free from fault in bringing on the difficulty, and who has no reasonable way of escape open without increasing his danger, has the right to enter willingly into a fight to save himself from threatened assault, is confusing and misleading.

6. *Same.*—A charge asserting that if there was a reasonable doubt as to whether defendant brought on the difficulty and engaged in the fight willingly, and whether he could not have retreated without in-

creasing his peril, he could not be convicted, failed to hypothesize either freedom from fault in provoking or bringing on the difficulty or the existence of a real or apparent peril of' death or great bodily harm when the fatal shot was fired, and was properly refused.

7. *Same.*—A charge asserting that if when defendant approached the father of deceased he approached him in a friendly manner to talk over differences between himself and deceased, looking to a friendly settlement and not to make a difficulty, the fact that he called the father of deceased to one side, would not of itself deprive him of the right of self-defense, not only accentuated a particular phase of the evidence, but was inapplicable under the evidence in this case, and properly refused.

8. *Same.*—A charge asserting that the word "willingly" used with reference to entering into a difficulty, imported that defendant entered voluntarily in the absence of impending peril to life or person, and that, although he fired the fatal shot, yet if he was then in imminent danger of life or great bodily harm, and there was no reasonable escape, and he had not provoked or brought on the difficulty, he had the right to shoot in self-defense, was properly refused as the statement that one entering into a fight willingly did not necessarily import that there was no impending peril to life or person from an assault.

9. *Same.*—A charge asserting that defendant must be in a situation of real or apparent danger to life, or of suffering great bodily harm, and that he must be free from fault before he would be justified in shooting, and that if he believed himself in such danger, he had a right to take life in self-defense, omitted the duty to retreat, and was properly refused.

10. *Same; Deadly Weapon; Jury Question.*—Under the evidence in this case the question as to whether the walking stick carried by the father of deceased was a deadly weapon, was one for the jury.

11. *Charge of Court; Covered by Those Given.*—The court will not be put in error for refusing charges substantially covered by written charges given at the party's request.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Tol Turner was convicted of murder in the second degree, and he appeals. Affirmed.

The exceptions to evidence sufficiently appear in the opinion. The following charges were given for the state:

(1) I charge you, gentlemen of the jury, that if you are satisfied from all the evidence in this case beyond a reasonable doubt that defendant entered into the fight willingly in which James Gilley lost his life, then de-

fendant cannot invoke the doctrine of self-defense, and you must find him guilty.

The following charges were refused to defendant:

A. The court charges the jury that one who is in imminent peril of losing his life or of suffering grievous bodily harm from an assault being made upon him by another, who is free from fault in provoking or bringing on the difficulty, and who has no reasonable avenue of escape open to him without increasing his danger, has the right to enter willingly into the fight for the purpose of saving himself from such threatened assult.

G. The court charges the jury that, if you have a reasonable doubt as to whether defendant brought on the difficulty, and whether defendant engaged in the fight willingly, and whether defendant could not have retreated without increasing his peril, then you cannot convict defendant.

K. The court charges the jury that if defendant approached Grant Gilley, the father of deceased, in a friendly manner, for the purpose of talking over the differences between defendant and deceased, looking to a friendly settlement of the matter, and not for the purpose of having a difficulty, the fact that he called Grant Gilley off would not of itself deprive defendant of the right of self-defense.

L. Substantially the same as K.

M. The court charges the jury that the stick offered in evidence as being in the hands of Grant Gilley at the time of the difficulty is a deadly weapon.

O. The court has just charged you at the instance of the state that if defendant entered into the fight willingly he cannot invoke the doctrine of self-defense. The word "willingly" as used in the charge imports that defendant entered voluntarily into the fight of his own

choice, in the absence of impending peril to his life or person from assault being made on him; and, although you may believe that defendant willingly fired the shot that killed Gilley, if at the time these shots were fired defendant was in imminent danger of losing his life, or of suffering grievous bodily harm from an assault being made upon him by Gilley, and there was no reasonable avenue of escape open to the defendant, and he was free from fault in provoking or bringing on the difficulty in which the assault was made, then defendant had the right to fire the shot that killed Gilley, to protect himself from such an assault.

R. The court charges the jury that, while the law requires that defendant should be in a situation of either real or apparent danger to life, or of receiving grievous bodily harm, and that the danger was imminent, and that he should be himself free from fault, before he would be justified in shooting, yet the law only requires that he should exercise his reason, should act as a reasonable man would have acted under the circumstances; and, if under those circumstances a reasonable man would have believed that he was in danger of losing life or of receiving great bodily harm, and that such danger was then impending, and defendant did so believe, and was not the aggressor in the difficulty, and was free from fault, then he had a right to defend himself even to taking the life of Gilley.

F. E. St. John, for appellant. The court erred in sustaining objections to the testimony of the witness Gilley that he was going over there to see them about the matter about his son and Mr. Turner's daughter, and also that defendant was praying when he got there. —*Linehan v. State,* 120 Ala. 293; 3 Enc. of Evid. 860; *Fincher v. State,* 58 Ala. 215; *Sheperd v. State,* 139 Ala.

9; *Newman v. State,* 160 Ala. 102. Charge C should have been given.—*McBride v. State,* 156 Ala. 44; *Andrews v. State,* 159 Ala. 14. Charge F should have been given.—*Sullivan v. State,* 102 Ala. 135. Charges K and L should have been given.—*Cheney v. State,* 172 Ala. 368. Counsel discuss the other charges assigned for error in the light of these authorities with the insistence that they should work a reversal.

R. C. BRICKELL, Attorney General, W. L. MARTIN, Assistant Attorney General, and BROWN & GRIFFITH, for the State. On any phase of the evidence it is clear that defendant's own conduct precluded him from asserting the doctrine of self-defense.—*Campbell v. State,* 64 South. 320; *Reese v. State,* 135 Ala. 14. Charge K requested by defendant invades the jury's province.— *Bone v. State,* 8 Ala. App. 59. Charge O was properly refused.—*Reeves v. State, supra.* Justification for refusing the other charges requested by defendant may be found in the following authorities in addition to those cited above.—*Bluett v. State,* 151 Ala. 41; s. c., 161 Ala. 14.

WALKER, P. J.—The affray, a result of which was the killing of the deceased by the appellant, started between the latter and the father of the former during a conversation between them in regard to alleged improper conduct of the deceased towards a young daughter of the appellant. Inquiries as to the father of the deceased seeing or communicating with others prior to the affray about the misconduct charged against his son were not relevant to the issue in this case. The question of the appellant's guilt or innocence of the crime charged against him could not have been affected by anything the deceased's father may have intended to

do in seeing others about a trouble his son had got into. It follows that the court was not in error in sustaining the objection to a question asked on the cross-examination of the father of the deceased which sought to elicit proof that his purpose in making a visit to others prior to the fatal affray was "to see them something about the matter, about your son and Mr. Turner's daughter." The appellant was not entitled to have evidence of that occurrence, or what had been said or done about it, brought into the case.

The fact that the defendant was praying when a witness saw him several hours after the difficulty, and at a place some distance from the scene of it, was a wholly irrelevant one, and evidence of it was properly excluded.

The facts that some time prior to the fatal difficulty the defendant had talked to his daughter, and that she was 14 years old, did not constitute elements of a defense to the charge against him, and the court did not err in sustaining objections to evidence of those facts.

The proposition that one who enters willingly into a fight cannot set up self-defense against a charge that he harmed another in the course of it is but an application of the principle that a necessity which is occasioned or brought about by one's own voluntary conduct cannot be availed of by him as an excuse for or justification of a consequence of it. The court did not err in giving charge 1, requested by the prosecution.— *Lewis v. State,* 88 Ala. 11, 6 South. 755. It is admitted in the argument in behalf of the appellant that there is nothing to complain of in the other written charges given at the instance of the prosecution.

One cannot properly be said to enter willingly into a fight when his participation in it is under the compulsion of a necessity of defending himself, not occasioned

or brought about by any fault on his part. It was not error to refuse charge A, requested by the defendant, as it was confusing and misleading, if not self-contradictory.

The judgment appealed from cannot be reversed because of the court's refusal to give charges B, C, E, F, I, J, N, P, and Q, or any one of them, as the propositions stated in those charges were covered by written charges given at the defendant's request.

Charge G, requested by the defendant, was faulty in failing to hypothesize his freedom from fault in either provoking or bringing on the difficulty or the existence, at the time the fatal shot was fired, of a real or apparent peril to himself of death or great bodily harm.—*Brewer v. State,* 160 Ala. 66, 49 South. 336.

The court was not required to give charges K and L, as each of them accentuated a particular part or phase of the evidence, and failed to state any proposition of law applicable to the case.

Under the evidence in the case the question of the walking stick which was carried by the deceased's father being or not being a deadly weapon was for the jury, under proper instructions of the court. It follows that charge M was properly refused.—*Tribble v. State,* 145 Ala. 23, 40 South. 938.

A statement that one entered into a fight willingly does not necessarily import that at the time of his entrance into it there was no impending peril to his life or person from an assault being made upon him. Though such peril then existed, yet if he chose to enter into the fight when with safety to himself he could have avoided the peril without fighting, he properly may be said to have fought willingly. This statement discloses an inaccuracy in charge O which justified the court's refusal to give it.

[Bailey v. The State.]

Charge R was bad in omitting any mention of the duty to retreat.

We find nothing in the record which affords to the appellant just ground of complaint of the judgment appealed from.

Affirmed.

