168 So. 602

### KEY v. STATE.

### 8 Div. 94.

Court of Appeals of Alabama.

May 26, 1936.

Wm. C. Rayburn, of Guntersville, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Appellant was put to trial upon an indictment which charged him with the offense of murder in the second degree; specifically, that he unlawfully and with malice aforethought killed Andrew Key by shooting him with a gun, but without premeditation or deliberation, etc. The trial resulted in the conviction of defendant for the offense of manslaughter in the first degree, and the jury fixed his punishment at imprisonment in the penitentiary for the term of two years. He was duly sentenced by the court in accordance with the verdict of the jury, and from the judgment of conviction this appeal was taken.

There was but slight conflict in the evidence which disclosed without dispute that this appellant did shoot his uncle, Andrew Key, with a gun, and that Andrew Key died as the result thereof, immediately, in the road where the shot was fired.

The evidence tended to show that the killing was the culmination of a difficulty of minor degree which had been in progress for some length of time, and in this connection the defendant while testifying in his own behalf said, in substance, that the deceased followed him for some distance with a rock in his hand and was trying to catch him, using profane words and uttering threats against him; and stated: "He followed on after me, and said: * * * 'This trouble isn't settled yet.' I went on down to the house and I saw him coming. * * * I went in and got the shot gun and come out to meet him. I walked out to the edge of the yard and I said stop, and put the gun to my shoulder and he said you G—— D——, you haven't got the nerve to shoot it, and I shot him." The defendant admitted he ran away immediately after the shooting and was arrested several months afterwards in an adjoining state.

The killing occurred near the home of Clem Key, father of this appellant. It was immaterial whether the defendant lived in the house with his father, or was a guest in his father's home which would have entitled him to the same privileges. Lawler v. State, 22 Ala.App. 329, 115 So. 420. Under the undisputed evidence in this case, however, he was not entitled to the immunity of the law which allows a person to protect his home, as it conclusively appeared he fought willingly. Watkins v. State, 89 Ala. 82, 8 So. 134. Furthermore, it appears from the evidence that the killing here complained of was out in the road some distance from his father's home. This being true, that was not a place from which the law excused him from retreating if he could have done so with

safety. Perry v. State, 94 Ala. 25, 10 So. 650; Lee v. State, 92 Ala. 15, 9 So. 407, 25 Am.St.Rep. 17.

When a person in possession of his faculties intentionally kills another person, there can be but one defense, and that is provided under the law of self-defense, and such defense is not available if the killer entered in the fight willingly as the testimony in this case, without dispute, tended to show.

We quote with approval, and as applicable to this case, that portion of the oral charge wherein the court said: "There is another step gentlemen of the jury in self-defense, our law is humane in its principle in regard to taking human life and it says that though the defendant was free from fault in bringing on the difficulty and though his danger was real or apparent at that time, still he must not take human life if he can turn and get away without increasing his danger. The state insists that this defendant was not free from fault in bringing on the difficulty, that he fought willingly, that he went out with his gun and entered into the difficulty willingly; if he did that gentlemen of the jury then a man cannot plead self defense and be justifiable in it because a man rather than enter into a difficulty should retire, the law says he should have retired if he could do so without increasing his danger."

. There are other questions presented, but, from what has been said, there is no necessity to discuss them. Vaughan v. State, 21 Ala.App. 204, 107 So. 797, certiorari denied 214 Ala. 384, 107 So. 799.

Affirmed.