34 So.2d 171

### CLARK v. STATE.

### 4 Div. 489.

Supreme Court of Alabama.

Feb. 26, 1948.

Mulkey & Mulkey and E. C. Boswell, all of Geneva, for petitioner.

A. A. Carmichael, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and B. W. Simmons, Circuit Sol., of Andalusia, opposed.

GARDNER, Chief Justice.

Counsel for petitioner place much stress in the charge given for the State and set out in the opinion of the Court of Appeals which in effect instructs the jury the knife used by defendant (if so used) was as a matter of law a deadly weapon. Counsel are of course familiar with the limited review by this court of the opinions of the Court of Appeals. This opinion discloses only that the knife was a large one, had just been purchased, and that with this knife defendant inflicted upon the assaulted party "twelve or fourteen knife wounds." The knife was offered in evidence without objection. It was before the trial court who saw and heard the witnesses testify as to the serious nature of the wounds so inflicted.

The opinion refers to Sylvester v. State, 72 Ala. 201, wherein is the statement that generally the question of a deadly weapon is one for the court's decision. But the Sylvester case also discloses that a weapon may or may not be deemed deadly according to the manner of its use, the subject on which it was used, as well as the actual effects produced. And in Tesney v. State, 77 Ala. 33, was the observation that in many cases this is a jury question. The Sylvester case in 72 Ala. 201, supra, is therein cited to the effect that in some instances, however, an "ordinary pocket knife may be a deadly weapon."

And in Tribble v. State, 145 Ala. 23, 40 So. 938, the Sylvester case is again cited to the effect that whether or not a weapon was a deadly one is generally not a question of fact for the jury, but one of law for the court. The Tribble case dealt with a rock, and the court was of the opinion in that particular case under all the facts and circumstances the question as to whether or not the rock was a deadly weapon was one properly submitted for the jury's consideration.

As we read the authorities, the holding in our own cases is in harmony with the generally recognized rule. 4 Am. J. 186; 56 Am. J. 992. True some of the authorities state that it is generally a question of fact for the jury, but when they are read and considered it will be found that the

256

facts supported a theory of a jury question in each case.

Counsel for petitioner have cited some authorities from other jurisdictions, which we have read with much care and interest. In Cosby v. Commonwealth, 115 Ky. 221, 72 S.W. 1089, there was involved a rock or a club, and in State v. Archbell, 139 N. C. 537, 51 S.E. 801, a buggy trace; in State v. Brown, 67 Iowa 289, 25 N.W. 248, a stick three feet in length; in State v. Huntley, 91 N.C. 617, was a switch or small stick; in Krchnavy v. State, 43 Neb. 337, 61 N.W. 628, there was involved the garden hoe. The holding in the above cases, however, was to the effect where the weapon and the manner of its use were of such character as to admit of but one conclusion in that respect, the question as to whether or not it is a deadly weapon is one for the court, where the responsibility must rest. But the court observed, as in our own cases, where it may or may not be likely to produce fatal result or great bodily harm according to the manner of its use, or the part of the body at which the blow is aimed, its character is one to be determined by the jury.

We are cited also to Meriwether v. State, 104 Ga. 500, 30 S.E. 806; People v. Valliere, 123 Cal. 576, 56 P. 433, and Acers v. United States, 164 U. S. 388, 17 S.Ct. 91, 41 L.Ed. 481. A careful review of these authorities is not convincing that the ruling reached by the Court of Appeals can be said to be here erroneous.

A knife has been declared to be a deadly weapon by some of the authorities. Johnson v. State, 88 Neb. 565, 130 N.W. 282; State v. Craton, 28 N.C. 164.

In State v. West, 51 N.C. 505, was the observation that generally speaking whether a weapon is in fact a deadly weapon is a question for the court.

But in State v. Painter, 329 Mo. 314, 44 S.W.2d 79, the Missouri court had before it a situation very similar to the instant case. The Missouri court had assumed in its instruction to the jury that the knife used was a deadly weapon. The opinion of the court observes that the knife was in evidence and seen by the court; that the character of the wounds produced by it and their effect were shown and not disputed; and the appellate court assumed that the trial judge committed no error in instructing the jury as a matter of law that it was in fact a deadly weapon. Here, as we have previously observed, we have nothing before us except the statement in the opinion of the Court of Appeals that the defendant used a large knife inflicting twelve or fourteen wounds. Like the Missouri court, and our court of Appeals, we feel fully justified in assuming that the trial judge who saw and heard the witnesses and saw the knife, as well as heard the testimony concerning the result of these wounds and their serious nature, could not be put in error for declaring the weapon a deadly one.

Though we are in accord with the holding of the Court of Appeals and think that the writ should be denied, yet, due to the earnest insistence of counsel for petitioner we have thought it appropriate to make these observations in response to their able argument.

Writ denied.

BROWN, LIVINGSTON, and SIMPSON, JJ., concur.