55 So.2d 753

## BROWN v. STATE.
### 4 Div. 181.

Court of Appeals of Alabama.
Dec. 18, 1951.

Si Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen., and Robt. P. Bradley, Montgomery, of counsel, for the State.

Baldwin & Baldwin, Andalusia, for appellant.

PRICE, Judge.

Defendant was convicted of an assault with intent to murder one Harris. His punishment was fixed at imprisonment in the penitentiary for two years.

The State's testimony was to the effect that the assaulted party, a member of the United States Air Force stationed at Eglin Field, with Donald Rice and two girls, were leaving the Roundhouse, a Juke Joint near Andalusia, when Harris' name was called. As he turned to see who was calling, defendant swung at him, cutting him with a knife across the stomach, causing a deep laceration of the upper part of the abdominal wall which went all the way through and penetrated the pleural cavity, necessitating more than 30 stitches. He then swung back and cut Rice.

Harris went immediately to his car and defendant, Roy Catrett and another man came to him and Catrett offered to drive him to the hospital. Defendant said he was sorry it happened and handed the knife to someone there. Harris was acquainted with Catrett, who was also stationed at Eglin Field, and had seen defendant before but did not know him.

Both girls testified to seeing defendant hit Harris and Rice, but didn't see anything in his hand. They ran back into the Roundhouse when the licks were struck. Both testified lights were burning on the outside of the building.

Defendant contended he went to the Roundhouse with Catrett, John Glenn and Ted Barron. The crowd inside was dancing, drinking, cursing, and someone threw a chair as they went in. Defendant and his party remained there for about an hour. He stated he had seen the girls but that he didn't know Harris or Rice and the first time he saw them was when his party was leaving the Roundhouse. A crowd of people was bunched up together outside and someone was arguing. Harris and Rice came up to them and Harris asked for a drink of whiskey, saying somebody had cut him. Catrett said he would give him a drink and Harris walked to the car with them and Catrett gave him a drink of whiskey.

Harris testified in rebuttal that no one gave him whiskey after he was cut.

Defendant denied that he called to Harris or that he cut him. He stated he did not have a knife and did not hand one to anybody, and that neither he nor any member of his party went to Harris' automobile.

Defendant offered in evidence showings for absent witnesses Roy Catrett, John Glenn and Ted Barron.

The first and major contention of appellant's counsel is that the trial court committed reversible error in refusing to grant the motion for new trial, for that, the verdict was not sustained by the great preponderance of the evidence and is contrary to both the law and the facts. He argues strenuously in brief that Harris' testimony was not substantiated to a degree necessary to justify the verdict and that it is evident from the verdict of conviction and the overruling of the motion that the jury and the court ignored the testimony of appellant's three companions given by the showings.

In the case of Arnold v. State, 33 Ala.App. 146, 30 So.2d 587, 588, Judge Bricken observed: "The credibility and weight of the evidence and the legitimate inferences it afforded were for the jury. In other words, the weight to be given the evidence, its sufficiency in general, its probative value, or force, and the credibility of the witnesses where, upon the whole testimony, an issue of fact arises, are for the exclusive consideration and determination of the jury. The jury determines the weight to be given the testimony of the witnesses by their demeanor or conduct on the stand, their interest in the case, the probability or improbability of their testimony, its corroboration, the facts bearing on their credibility, their intelligence and knowledge, and not by the mere number of witnesses. Conflicting evidence should be reconciled by the jury, if possible, and if they cannot reconcile it, they may base their verdict on that part of the testimony which they consider worthy of credit, and reject that which they deem to be unworthy of belief."

In the case of Mann v. State, 20 Ala. App. 540, 103 So. 604, the court held: "A fact may be established as firmly by testimony of one or two witnesses as if testified to by an entire community."

In Smith v. State, 88 Ala. 23, 7 So. 103, 104, the Supreme Court stated: "[T]he jurors are the sole judges of what construction shall be placed upon the testimony, and of what inferences shall be drawn therefrom."

 From the evidence submitted and the inferences to be drawn from it, we are of the opinion the jury could rightly conclude that defendant was the party who cut Harris. The weight and sufficiency of the evidence was for the jury. The overruling of the motion for a new trial was without error.

This question was asked the assaulted party, on direct examination:

"You testified a few minutes ago that you called your buddy and told him to look out he had a knife, then the defendant swung at you and cut you. Then what, if anything, did he do immediately after that?

"A. He swung back and cut my buddy too.

"Mr. Baldwin: We object to that and move to exclude it.

"The Court: Overrule it, all part of the same res gestae.

"Mr. Baldwin: We except."

 The answer of the witness was responsive to the question. The established rule is that counsel cannot speculate on the reply to a question and then move to exclude it if it is responsive. Ala.Dig. Criminal Law, ⊙= 693; Kelley v. State, 32 Ala. App. 408, 26 So.2d 633; Clarke v. State, 32 Ala.App. 622, 29 So.2d 151.

At the conclusion of the court's oral charge appellant's counsel stated: "We want to except to that part of your Honor's oral charge in which you state in substance that the jury could presume from the circumstances whether or not the instrument used was a deadly weapon."

The court's charge to the jury was a full, clear and correct statement of the principles of law involved, and after a careful examination of said charge we are unable to find therein the statement excepted to by defendant.

The court then stated: "Yes, sir, all right, I don't think I said that but you got your exception. As I said awhile ago, you are to be the sole judges of whether or not a deadly weapon was used or whether or not any weapon was used on this occasion. You take that from the witness stand."

Defendant's counsel then excepted to this statement by the court.

It is insisted in brief that the question of whether a deadly weapon was used for the court and reversible error was committed in submitting it for the jury's determination.

In Clark v. State, 250 Ala. 255, 34 So.2d 171, 172, Chief Justice Gardner reviewed the leading State cases and some foreign decisions as to whether this question was for the court or jury, and stated therein: "But the court observed, as in our own cases, where it may or may not be likely to produce fatal result or great bodily harm according to the manner of its use, or the part of the body at which the blow is aimed, its character is one to be determined by the jury."

 The weapon was not before the court and under the evidence in the case the question of whether a deadly weapon was used was for the determination of the jury from the manner in which it was used and the nature and location of the wound produced and the circumstances proved. Clark v. State, supra; Tribble v. State, 145 Ala. 23, 40 So. 938; Tesney v. State, 77 Ala. 33.

 Under the conflicting evidence in the case the general affirmative charge was properly refused.

Other requested charges refused to defendant were misleading, invasive of the province of the jury, or were fully covered by the court's oral charge.

There being no error in the record the judgment of the court below is affirmed.

Affirmed.