Appellant was tried on an indictment charging him with the murder of Clyde Davis. The jury convicted appellant of manslaughter in the second degree, fixing punishment "at imprisonment in the County Jail for 12 months and a fine of $500.00"; the trial court sentenced him accordingly.
During the early hours of Sunday, April 15, 1979, appellant, his brother, and two others were riding around in appellant's automobile, after appellant had closed his service station at the intersection of Southern By-Pass and I-65 in Montgomery. After riding to various locations, they had started back to appellant's service station when appellant decided that he needed to go to Gowan's Truck Stop, a truck stop in the immediate vicinity of the service station, to inform them that his wrecker service would be available that day even though his service station would be closed. While one of the passengers went inside Gowan's Truck Stop to deliver the message, an argument erupted between appellant and a truck driver at the truck stop, in a conversation on the citizens' band radio. The conversation culminated in both parties' exchanging epithets and in appellant's asking the truck driver's location and threatening bodily harm to the truck driver. The truck driver responded that he was about to leave the truck stop, but that he would pull his red Wiley Sanders truck to the front row of the truck stop's parking lot; this was followed by a reciprocal threat of bodily harm to appellant.
Appellant then drove his car toward two Wiley Sanders trucks parked in the truck stop parking lot; the direction of travel of appellant's car was such that it was not heading toward an exit from the parking lot. As appellant's car approached one of the Wiley Sanders trucks, the truck door opened and someone, from the dark inside, began discharging a firearm at appellant's car. Appellant also fired, with one of the shots killing the truck driver. After the exchange of gunfire ended, appellant drove across the By-Pass to his service station.
Appellant urges three areas of error: two dealing with the refusal of the trial court to give requested written charges, and one concerning a refusal by the trial court to permit appellant and his counsel to confer during a recess in the midst of appellant's testimony.
 I
Appellant objects to the refusal of the trial court to give to the jury appellant's written charge Number 25, dealing with the self-defense plea and reading as follows:
 "The Court charges the jury that involving a plea of self-defense, you must decide whether the defendant was free from fault in bringing on the difficulty. The difficulty in this case is the shooting incident. If you find from the evidence that the deceased fired the first shot, the *Page 1305 
question you must answer is, did the defendant by his conduct create the necessity of the deceased firing the first shot."
Authority is abundant for the proposition that a person who enters willingly into a fight cannot rely on self-defense if he kills his adversary. Pair v. State, 33 Ala. App. 108,31 So.2d 107 (1947); Key v. State, 27 Ala. App. 189, 168 So. 602 (1936);Turner v. State, 11 Ala. App. 1, 65 So. 719 (1914). Whether appellant went willingly to fight the truck driver is a matter clearly within the province of the jury, and the evidence is obviously sufficient to support the jury's conclusion.
We do not agree that the requested charge states a correct proposition of law. Accordingly, it was properly refused by the trial court.
 II
Appellant's requested charge Number 28 was not filed before the jury retired, but was filed after the jury deliberations had begun and the jury had returned seeking further clarification from the trial court. The time at which written charges must be presented, as established by statute and precedent, is any time during the trial and before the jury retires. Smith v. State, 51 Ala. App. 527, 287 So.2d 238
(Ala.Cr.App. 1973). The filing of the requested charge after the jury had retired for deliberations came too late. Therefore, nothing was preserved for review on this issue.
 III
Appellant argues denial of due process and denial of equal protection due to the refusal of the trial court to permit him to confer with his counsel during a brief recess in the midst of appellant's testimony.
The question presented is whether a restriction, however brief, on a criminal defendant's right to confer with counsel is tantamount to an unconstitutional deprivation of the right to counsel. We think it is.
During the course of the trial, after the State had rested its case and while appellant was on the witness stand, a brief recess was taken. At that time, the trial court advised appellant's counsel that pursuant to the trial court's "rule for the past five years" there was to be "no conversation between lawyers and the defendant [appellant] while the defendant [appellant] is in the process of his testimony." Objections and exceptions were duly noted. Obviously, the reason for such rule is to assure that the testimony would be the same as though no recess had been taken, or there had been no break or interruption in the testimony. More succinctly, such rule would minimize the possibility that an accused's counsel would improperly influence his client, possibly tainting the testimony. There are other avenues of protection available to the trial court to deter or prevent any such improper conduct on the part of counsel. While the motives for the trial court's rule are indeed laudable, such rule without doubt erects an unconstitutional barrier to the effective right to counsel.
Depriving a criminal defendant of the right to consult with counsel during court recesses — regardless of how brief the recesses may be — violates the constitutional right to effective assistance of counsel. United States v. Conway,632 F.2d 641 (5th Cir. 1980).
For the error indicated, the judgment of the trial court is reversed and the cause remanded.
REVERSED AND REMANDED.
All the Judges concur. *Page 1306