BOWEN, Judge.
The defendant was charged and convicted of driving while intoxicated. Alabama Code 1975, Section 32-5-171. Sentence was a $100.00 fine and costs. Two issues are raised on appeal.
I
The defendant did not except to the refusal of the trial judge to give his written requested charges. Therefore, we have nothing to review as this issue has not been properly preserved. Allen v. State, 414 So.2d 989 (Ala.Cr.App., 6 Div. 993, Ms. November 24, 1981). Gullatt v. State, 409 So.2d 466, 474 (Ala.Cr.App.1982).
II
Alabama State Trooper James Hood observed a gray Corvette speeding on a county road. He gave pursuit but was unable to overtake the Corvette and lost sight of that vehicle. Within ten minutes and within one quarter of a mile from his last observation, Trooper Hood observed a gray Corvette “setting up in a yard in front of a house.” The right rear tire was flat and “the muffler system, the exhaust was sticking out the back of the car.” There were skid marks in the grass. Trooper Hood testified that the exhaust was hot and the tires were warm. The defendant was standing by the Corvette.
In response to Trooper Hood’s question, the defendant told him that he was the driver of the Corvette. Trooper Hood had a duty to investigate the accident. He had the authority to arrest the driver of the vehicle for driving under the influence even though he did not personally see that person .driving any vehicle. Alabama Code 1975, Section 171. The defendant’s admission that he was the driver was properly *2 admitted into-evidence because he was not in custody and the questioning was investigative and nothing more than general on-the-scene investigation. Kelley v. State, 366 So.2d 1145 (Ala.Cr.App.1979); Harris v. State, 376 So.2d 773 (Ala.Cr.App.), cert. denied, 376 So.2d 778 (Ala.1979). See also Sly v. State, 387 So.2d 913 (Ala.Cr.App.), cert. denied, Ex parte Sly, 387 So.2d 917 (Ala.1980). Trooper Hood testified that his purpose in asking the defendant who had been the operator of the vehicle was “(t)o fill out an accident report we have to get driver’s information.” See Anno. 25 A.L.R.3d 1076 (1969).
We recognize that there may exist some situations where the Miranda warnings are required when a motorist is stopped for a traffic offense, Campbell v. Superior Court of Maricopa County, 106 Ariz. 542, 479 P.2d 685 (.1971), however, in this case it appears that the officer’s question was investigatory and not accusatory and the defendant was not in custody.
We also note that the only objection to this matter was a general objection (“I object”) and there was never any request for a determination of voluntariness.
Additionally, any error in this admission was cured when defense counsel cross examined Trooper Hood:
“Q. Mr. White did comment to you about a cow being in the highway?
“A. Yes, sir, he did.
“Q. What did he say about the cow?
“A. He said that he was going down the road and a black cow was in the road there at the curve and he swerved off the road to miss it.”
Klemmer v. State, 51 Ala.App. 383, 286 So.2d 58, cert. denied, 291 Ala. 786, 286 So.2d 62 (1973); Kelley v. State, 366 So.2d 1145 (Ala.Cr.App.1979). Since the defendant’s own attorney subsequently brought out the fact that the defendant had been driving the automobile, we do not see how the trooper’s former testimony on this same matter could have prejudiced the defendant. Rule 45, A.R.A.P.
The judgment of the circuit court is affirmed.
AFFIRMED.
HARRIS, P.J., and TYSON and BARRON, JJ., concur.
DeCARLO, J., concurs in result.