Vic Ashurst, Sr., was charged by indictment with intentionally receiving, obtaining, or disposing of certain stolen property alleged to have an aggregate value in excess of $5,000, knowing same to be stolen, or having reasonable grounds to believe same to be stolen and not having intent to restore same to its owner, contrary to § 13A-8-17, Code of Alabama (supplement 1981).
The jury found the appellant "guilty as charged" and following a sentencing hearing, the trial court set sentence at two years' imprisonment and denied probation. The appellant's motion for new trial was overruled and this appeal followed.
Because reversible error appears in a ruling with reference the appellant's right to confer with counsel during trial, this court pretermits consideration of the evidence in this cause and expresses no opinion on same.
 I
Appellant argues denial of due process and denial of equal protection due to the refusal of the trial court to permit him to confer with his counsel during a brief recess in the midst of appellant's testimony.
Volume 3, record page 408 in pertinent part, reads as follows:
 "THE COURT REPORTER: Judge, I need to change the paper in my machine. *Page 692 
"THE COURT: We'll take a brief recess.
 "LADIES AND GENTLEMEN, If you will take your recess within the jury box and jury room, you may step down at this time.
 "(Whereupon, the following occurred while the jury was leaving the Courtroom.)
"MR. HAWTHORNE: Judge, Mr. Espy is —
 "THE COURT: Mr. Espy, don't talk to the witness while he is still on the stand giving testimony.
"MR. ESPY: You mean I can't talk to my client?
"THE COURT: Not while he's still on the stand.
"MR. ESPY: But Your Honor —
"THE COURT: Not during his testimony.
 "(Whereupon, a discussion was held in chambers, out of the presence of the Court Reporter.)"
The remaining portion of the colloquy not shown during the above recess is found in Volume I, Supplemental Transcript, page one, which is as follows:
"THE COURT: Mr. Ashurst, don't talk to Mr. Espy.
"MR. ESPY: You mean I can't talk with my client?
 "THE COURT: Yes, that is my rule and it has been for a long time.
"MR. ESPY: I object.
 "THE COURT: Your objection is overruled. That is my rule."
As a result of the above ruling, counsel for the appellant was prohibited from talking to the appellant any further until such time as the appellant had completed his testimony, including all breaks and recesses.
This identical issue also involving the Circuit Court of Montgomery County, Alabama, was before this court most recently in Payne v. State, 421 So.2d 1303 (Ala.Cr.App. 1982) cert. quashed by Supreme Court 81-718, November 5, 1982. 422 So.2d 1.
Judge Barron, writing for this court, stated the following:
 "The question presented is whether a restriction, however brief, on a criminal defendant's right to confer with counsel is tantamount to an unconstitutional deprivation of the right to counsel. We think it is.
 "During the course of the trial, after the State had rested its case and while appellant was on the witness stand, a brief recess was taken. At that time, the trial court advised appellant's counsel that pursuant to the trial court's `rule for the past five years' there was to be `no conversation between lawyers and the defendant [appellant] while the defendant [appellant] is in the process of his testimony.' Objections and exceptions were duly noted. Obviously, the reason for such rule is to assure that the testimony would be the same as though no recess had been taken, or there had been no break or interruption in the testimony. More succinctly, such rule would minimize the possibility that an accused's counsel would improperly influence his client, possibly tainting the testimony. There are other avenues of protection available to the trial court to deter or prevent any such improper conduct on the part of counsel. While the motives for the trial court's rule are indeed laudable, such rule without doubt erects an unconstitutional barrier to the effective right to counsel.
 "Depriving a criminal defendant of the right to consult with counsel during court recesses — regardless of how brief the recesses may be — violates the constitutional right to effective assistance of counsel. United States v. Conway, 632 F.2d 641 (5th Cir. 1980)."
In quashing the Writ of Certiorari in this cause, the Supreme Court of Alabama stated:
 "In quashing the writ, we agree with the Court of Criminal Appeals that the absolute rule of the trial court that deprives a defendant of the right to consult with counsel while the defendant is in the process of testifying is overly broad and overly restrictive. By quashing the writ, *Page 693 
however, we do not intend to suggest that a trial judge is without some discretion in the area."
For the error shown, this cause is reversed and remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.