# *Ex Parte* Barlew.

## *Murder.*

### (Decided April 10, 1913.  61 South. 912.)

*Courts; Supervisory Jurisdiction; Certiorari to Court of Appeals; Time.*—Unless application for certiorari to review a decision of the Court of Appeals is made within fifteen days after final action, on application for rehearing by the Court of Appeals, the application for certiorari comes too late, and will be dismissed. (Supreme Court Rule 43.)

Certiorari to Court of Appeals.

Petition by Charles Barlew for writ of certiorari to review the decision of the Court of Appeals affirming the judgment of the trial court in the case of *Barlew v. The State,* reported in 5 Ala. App. 290, 57 South. 601.  Application dismissed.

GEORGE E. BUSH, for appellant.  No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for appellee.  The petition was filed more than fifteen days after the final action of the Court of Appeals on petitioner's application for rehearing in that court, and hence, his petition for certiorari comes too late.—Rule 43, Supreme Court Practice.

MAYFIELD, J.—This is an application to this court for certiorari to review the decision and judgment of the Court of Appeals, affirming the judgment of the trial court convicting the petitioner of a criminal offense.

[Ex Parte Barlew.]

The application shows on its face that it is made too late, under the rule established by this court for reviewing the judgments of the Court of Appeals. The rule reads as follows: "This court will not in term time, nor will the justices thereof, in vacation, receive or consider an application for the writ of certiorari or other remedial writs, or process, for the purpose of revising or reviewing any opinions or decisions of the Court of Appeals, unless it appears from the face of the application that an application had been made to said Court of Appeals for a rehearing of the point or decision complained of, and that said application had been denied adversely to the movant, and the application to this court must be filed with the clerk of the Supreme Court within fifteen days after the action of said Court of Appeals upon the said application for rehearing. Nor will this court, or the justices thereof, entertain, consider or issue a writ of error, as authorized by section 1 of the Acts of 1911, page 449, unless the same is applied for within fifteen days after the rendition by the Court of Appeals of the judgment sought to be revised or corrected."—Rule 43, Supreme Court Pr., adopted April 4, 1912, (175 Ala. xx, 57 South. vi).

The judgment in question was rendered in the Court of Appeals, and the application for a rehearing of the cause therein was denied, nearly a year before the application was made to this court to review or revise that judgment. For this reason the application is denied.

Certiorari denied. All the Justices concur, except DOWDELL, C. J., not sitting.