(75 South. 637)

HORNSBY v. STATE. (4 Div. 429.)

(Court of Appeals of Alabama. May 15, 1917.)

1. INDICTMENT AND INFORMATION ⟨Key⟩196(6)— DEFECTS IN INDICTMENT—WAIVER.

Where the indictment charged every element of murder, that victim was named therein as Williams, a man, whose other name was to grand jury unknown was a defect in substance and was waived in the absence of demurrer.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 634.]

2. HOMICIDE ⟨Key⟩7—"MURDER."

"Murder" is the unlawful killing of a human being with malice aforethought.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 12.

For other definitions, see Words and Phrases, First and Second Series, Murder.]

3. INDICTMENT AND INFORMATION ⟨Key⟩101 — PARTIES COLLATERALLY CONCERNED—DESIGNATION.

The particularity required in naming the defendant in an indictment does not apply to individuals who are only collaterally concerned.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 272–277.]

4. CRIMINAL LAW ⟨Key⟩695(2)—TRIAL—GENERAL OBJECTIONS.

Unless a question called for evidence which was obviously illegal, immaterial, and irrelevant, a general objection thereto was properly overruled; as the court was not required to search for a ground to sustain the objection.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1634, 1638.]

5. CRIMINAL LAW ⟨Key⟩412(3) — NAME OF DECEASED—DECLARATION OF ACCUSED—ADMISSIBILITY.

In a prosecution for murder, refusal to exclude testimony that witness had heard accused

call victim "Williams" was proper; as it was a declaration of accused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 911–917.]

6. CRIMINAL LAW ⟨Key⟩1169(12) — APPEAL AND ERROR—HARMLESS ERROR.

In a prosecution for murder, where there was no dispute as to identity of victim, permitting witnesses to state that they had heard accused call him "Williams" was without prejudice to defendant.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3138.]

7. WITNESSES ⟨Key⟩388(5)—IMPEACHMENT.

Where the predicate for impeachment of a state witness was proven by several witnesses, there was no error in refusing to permit further examination of the impeaching witness, where he had already testified after the predicate had been read to him that "he said that in substance."

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1237.]

8. WITNESSES ⟨Key⟩277(4)—CROSS-EXAMINATION —MATTERS TESTIFIED TO ON DIRECT EXAMINATION.

Where accused on direct examination testified that he was a deputy sheriff and policeman at the time he shot deceased, it was proper on cross-examination to ask him if he was not employed in some other occupation at the time and who employed him as policeman.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 925, 982.]

9. CRIMINAL LAW ⟨Key⟩390—EVIDENCE—UNCOMMUNICATED INTENTION OF ACCUSED.

There was no error in not permitting accused to state that at the time of the killing he was about to arrest deceased; it being an uncommunicated intent of accused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 858.]

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Ross Hornsby was convicted of manslaughter, and he appeals. Affirmed.

T. M. Espy and Farmer & Farmer, all of Dothan, for appellant. W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

BRICKEN, J. [1] The defendant was indicted for the offense of murder in the second degree, and was convicted of manslaughter in the first degree. The indictment averred that defendant unlawfully and with malice aforethought killed Williams, a man, whose other name was to the grand jury unknown, by shooting him with a pistol, but without premeditation or deliberation, against, etc. There was but one count in the indictment. No demurrers appear to have been filed to the indictment; but it is here insisted for the first time on appeal that the indictment insufficiently described the deceased.

[2] Murder is the unlawful killing of a human being with malice aforethought. 21 Cyc. 270. The indictment in this case charges every constituent element of murder; that is, that there was an unlawful killing of a human being with malice aforethought, and,

this being true, any defect in substance is waived unless taken advantage of by demurrer. Gaines v. State, 146 Ala. 16, 41 South. 865; Welsh v. State, 96 Ala. 92, 11 South. 450.

[3] The same rule of particularity in stating the name of a defendant in an indictment does not apply to individuals who are only collaterally concerned, as for instance, those whose persons or property have been affected thereby. Jones v. State, 181 Ala. 75, 61 South. 434; Knight v. State, 152 Ala. 56, 44 South. 585; Knight v. State, 147 Ala. 104, 41 South. 911.

[4] It is further insisted that the court erred in overruling the defendant's objection to the question propounded by the state to witness John Hilson, "Did you hear anybody call him [deceased] by a name, or call his name?" There is no merit in this contention, the objection thereto being a general objection, and, unless the question was obviously or patently illegal or called for evidence which was obviously or patently illegal, immaterial, and irrelevant, it was properly overruled, as all other grounds of objection are deemed to be waived, as courts are not required to cast about in search of grounds to sustain an objection, and, unless the evidence is obviously illegal, immaterial, and irrelevant, the objection will not be sustained. Fuller v. State, 117 Ala. 36, 23 South. 688.

"A person's name is the title by which he calls himself and others call him. To know a person's name, therefore, is to have heard him so called by himself or by others. In strictness, such an utterance is not hearsay, except where it is made as an assertion of fact. But, though hearsay, as a source of information, yet it is universally relied upon as a source of knowledge. Courts have commonly accepted the testimony founded upon it." Wigmore on Evidence, vol. 1, § 667, p. 764.

[5] The motion to exclude the answer of the witness, "I heard Mr. Ross Hornsby call his name Williams," was properly overruled under above authority; besides this evidence was admissible on the ground that it was a declaration of the defendant himself.

[6] Furthermore there was no dispute as to the identity of the party killed, and this court is satisfied that no injury resulted therefrom to the defendant. Knight v. State, 147 Ala. 104, 41 South. 911.

There was no error in the ruling of the court relative to the testimony of Henry Nichols. This witness' testimony did not conflict in any manner with the testimony of Dr. Stough and other witnesses with reference to the location of the wound upon the body of deceased, but was in harmony with all the other evidence on this subject. Besides, even if it were not, there was no injury resulting to the defendant by the court's ruling, as the defendant does not deny that he did the shooting, nor was the evidence in conflict as to the number of shots fired nor as to the location or effect of the wound upon the deceased.

[7] The predicate which was laid to state witness John F. Harrell in order to impeach said witness was proven by several witnesses, and there was no error in refusing to permit the defendant to ask witness Grady Granger what the witness Harrell stated when he was put in jail, after said Granger had already testified after the predicate had been read to him, "He said that in substance." The effect of this answer was to prove the predicate, and the court was under no duty to permit further examination along that line, and the refusal to do so could not have injured the defendant.

[8] On his direct examination as a witness in his own behalf the defendant testified that at the time he shot deceased he (defendant) was a deputy sheriff, and also a policeman; therefore there was no error in the court's ruling by permitting the solicitor to ask the defendant on cross-examination if he was not engaged in some other occupation at the time he shot the deceased. Nor was there error in permitting the state to ask the defendant who employed him as a policeman. The rulings of the court on the cross-examination of defendant were without error; said cross-examination being entirely legitimate and clearly within the established rules. Other rulings of the court on the evidence have had our careful consideration, and appear so clearly free from error it is not deemed necessary to enter into a further discussion here.

[9] There was no error in the court's ruling in not permitting the defendant to testify that at the time of the killing he was about to arrest the deceased. This was an uncommunicated intention on the part of the defendant, and could not be stated in his behalf. Holmes v. State, 136 Ala. 80, 34 South. 180; Toliver v. State, 94 Ala. 111, 10 South. 428.

The judgment of the lower court is affirmed.

Affirmed.