(85 South. 876)

KING v. STATE. (8 Div. 701.)

(Court of Appeals of Alabama. April 6, 1920.)

1. HOMICIDE ⊜⟹339—REFUSAL TO PERMIT DEFENDANT TO TESTIFY TO THREATS BY DECEDENT HELD HARMLESS.

In a prosecution for homicide, defendant having killed his brother, where defendant was permitted to testify on cross-examination that his brother told him that morning that he was going to kill him, defendant cannot complain he was not permitted to show on direct examination that his brother threatened his life.

2. HOMICIDE ⊜⟹188(5)—CHARACTER OF DECEASED, UNCOUPLED WITH CHARACTER AS VIOLENT MAN, PROPERLY EXCLUDED.

In a prosecution for murder, testimony as to the character of deceased for peace and quiet in the community, not being coupled with his character as a violent, dangerous, turbulent, and bloodthirsty man, was properly excluded on defendant's plea of self-defense.

3. CRIMINAL LAW ⊜⟹829(1) — REFUSAL TO GIVE CHARGE COVERED NOT ERRONEOUS.

Refusal of defendant's request for written charge was not error, where it was covered by the court's oral charge and other written charges given at defendant's request.

Appeal from Circuit Court, Limestone County; Robert C. Brickell, Judge.

Heck King was convicted of murder in the second degree, and he appeals. Affirmed.

Fred Wall, of Athens, for appellant.

Defendant was under no duty to retreat. 106 Ala. 1, 17 South. 328; 89 Ala. 34, 8 South. 22, 18 Am. St. Rep. 87. Defendant should have been permitted to have shown threats made him by deceased. 88 Ala. 85, 7 South. 335; 68 Ala. 156; 71 Ala. 351.

J. Q. Smith, Atty. Gen., for the State. No brief reached the Reporter.

MERRITT, J. The defendant was convicted of murder in the second degree and sentenced to the penitentiary for 20 years. The questions raised by the appeal refer to the refusal of the trial court to permit the introduction of certain evidence offered by the defendant and the refusal of the trial court to give a certain written charge requested by the defendant.

The killing was shown to have taken place at the home of the defendant between sundown and dark, that the deceased and accused were brothers, and that bad feeling existed between them. The defendant was shown to be a cripple suffering from a broken leg, and the tendency of his testimony, if believed, showed an unprovoked attempt on the part of his brother to take his life, and that the killing was justifiable. On the other hand, the testimony on the part of the state tended to show that the homicide was not justifiable.

[1] The first insistence of the defendant is that he was not permitted to show that his brother, the deceased, had threatened his life on the morning of the day of the killing. A reading of the evidence discloses that on the direct examination of the defendant the court refused to permit the defendant to make proof of this fact, one or two times; but it also appears on cross-examination that the defendant stated: "He told me that morning, at that time, he told me he was going to kill me." So it appears that the defendant's contention in this respect is not well founded.

[2] After the defendant had testified, the tendency of his evidence being to establish his plea of self-defense, the defendant offered to prove the character of the deceased for peace and quiet in the community in which he lived. This the court refused to allow. This testimony of the character of the deceased, not being coupled with his character as a violent, dangerous, turbulent, and bloodthirsty man, was properly excluded. Steven Tribble v. State, 145 Ala. 23, 40 South. 938; Cleveland v. State, 86 Ala. 1, 5 South. 426; Smith v. State, 88 Ala. 73, 7 South. 52; Rhea v. State, 100 Ala. 119, 14 South. 853.

[3] The written refused charge was argumentative and misleading, and, if otherwise good, was covered by the court's oral charge, and written charges given at the request of the defendant.

There being no error in the trial of this case, the same must be affirmed.

Affirmed.