(109 So. 527)

### GULLEY v. STATE. (8 Div. 433.)

(Court of Appeals of Alabama. Aug. 31, 1926.)

**1. Rape ☞57(1).**

In prosecution for carnal knowledge of a girl under 16 years and over 12 years, conflicting evidence, though weak and inconclusive, *held* for jury.

**2. Criminal law ☞695(2).**

Where questions did not call for obviously immaterial testimony, trial court cannot be put in error for overruling general objections thereto.

**3. Criminal law ☞813.**

Instruction that return of indictment was no evidence of guilt *held* mere abstraction, which it was not error to refuse.

**4. Criminal law ☞829(1).**

Refusal of instruction substantially covered by general oral charge *held* not error.

**5. Criminal law ☞1063(4).**

Without motion for new trial nothing is presented for review as to sufficiency of evidence to sustain conviction.

Appeal from Circuit Court, Madison County; O. Kyle, Judge.

Horace Gulley was convicted of an offense, and he appeals. Affirmed.

Robert Milner, of Huntsville, for appellant.

Counsel argue for error in rulings on evidence and cite Martin v. State, 17 Ala. App. 73, 81 So. 851; Winter v. State, 123 Ala. 1, 26 So. 949.

Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Where no grounds of objection to a question are assigned, a motion to exclude is necessary. Milligan v. State, 208 Ala. 223, 94 So. 169; Patton v. State, 197 Ala. 180, 72 So. 401; Hornsby v. State, 16 Ala. App. 89, 75 So. 637; Holland v. State, 17 Ala. App. 503, 86 So. 118; Bell v. State, 19 Ala. App. 169, 95 So. 784.

RICE, J. The indictment charged defendant with having carnal knowledge of a girl under 16 and over 12 years. The jury returned a verdict of guilty and fixed the punishment at two years in the penitentiary.

[1] The state's evidence is to the effect that defendant, with another young man, carried the girl for an automobile ride, and that they stopped in some woods where both young men had intercourse with the girl. There was some evidence to show the age of the girl to be under 16 years, and that of the defendant to be over 16 at the time of the commission of the criminal act. Defendant's evidence tended to show that he did not even go riding with the girl on the occasion in question. Thus the evidence was in conflict, presenting a question for the jury; the general charge was correctly refused. The only evidence offered by the state corroboratory of the testimony of the injured party was the testimony of a police officer to the effect that on preliminary examination before the mayor defendant admitted being with the girl on the day the crime is alleged to have been committed. Defendant and his witness deny that such an admission was made.

[2] Defendant interposed objections to some of the evidence offered by the state, but in no instance were any grounds of objection stated. This being true and the questions not calling for obviously immaterial testimony, the trial court cannot be put in error for overruling the defendant's objections. Patton v. State, 197 Ala. 180, 72 So. 401; Hornsby v. State, 16 Ala. App. 89, 75 So. 637.

[3, 4] Refused charge 2 sought to instruct the jury that "the mere fact that the grand jury returned an indictment against the defendant in this case is no evidence that he is guilty." This is a correct statement of law and could properly have been given, but its refusal in this case is not error for the reason that it is merely an abstraction, and, further, the trial court's general oral charge substantially covered the principles sought to be stated by the charge.

[5] While the evidence is perhaps weak and inconclusive, the trial court properly submitted it to the jury. In the absence of a motion for new trial, ruling upon the sufficiency of the evidence was not invoked in the trial court, and nothing is presented for our review as to it.

The judgment must be affirmed.

Affirmed.