189 So. 784

## DYSON v. STATE.
### 8 Div. 733.

Court of Appeals of Alabama.
June 6, 1939.

R. B. Patton and Edw. Goodrich, both of Athens, for appellant.

Thos. S. Lawson, Atty. Gen., and L. L. Mooneyham, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The defendant was charged by indictment with murder in the second degree, in that he unlawfully and maliciously killed one Howard Gladden. The homicide took place at a time when Gladden was under the influence of whiskey, and in a public place in the town of Athens, Alabama, and in the presence of the officer. There was evidence tending to prove that when the defendant undertook to arrest Gladden that Gladden resisted, striking the officer (this defendant) in the mouth and in the eye, grappling with him and, at that time, the defendant struck Gladden on the side of the head with his club or billy, from the effects of which wound Gladden died some hours subsequent thereto, after having been subdued and placed in the City Jail.

The court admitted evidence to the effect that Gladden had made various threats against the officer (this defendant), saying, in violent language, that he would never permit the defendant to arrest him. In admitting this evidence of threats, the court said: "I am going to let it in for one purpose. The proof here tends to show that the defendant was an officer with authority to make arrests, being an officer with such authority as that, he had a right to take persons into his custody, and I am going to let it in on one point only, and that is, whether or not the deceased made any resistance towards his arrest. · That is all it is in there for,

Gentlemen of the Jury, not as being a part of self-defense or anything of that sort, but it is in there to shed light on whether or not, if you find there is any evidence of his resisting, that would shed light on it."

The court, also, permitted the defendant to prove the general reputation of the deceased in the neighborhood in which he lived for peace and violence, and turbulence and bloodthirstiness. In admitting this evidence, the court said: "I am going to let that in just like I did the other. It is not a question, Gentlemen—You both seem to be proceeding on the idea there is self-defense here. There is no, what is technically known as self-defense, it is not involved in this case. He is acting as an officer and if he is an officer and acting as such, it is his duty to arrest and he must use such reasonable force as is necessary to make the arrest. Now then the character of the party to be arrested sheds some light on the question as to the amount of force and the character of force that might be lawfully used in making the arrest. And, Gentlemen of the Jury, you heard that statement, and that is all that it is in here for, It is not in here as a straight defense in the case, but it is in here on the question, I am going to explain to you later on about the kind of force that an officer must use in making an arrest and in making the arrest it is permissible for evidence to come before you as to the bloodthirsty character of the party sought to be arrested."

The defendant then offered to prove, by numerous witnesses, the reputation of the deceased for peace and quiet. Thereupon, the court sustained the State's objection to the question: "Because I understand that is as far as you propose to go with this witness." Thereupon, the defendant stated to the court that this was as far as the defendant intended to go with reference to inquiring of the witness as to the general reputation of the deceased; whereupon, the court stated that it would sustain the objection of the State to the question, and the defendant then and there duly and legally excepted. The defendant then offered other witnesses, who would testify to the same import, to which objection was made by the State and sustained by the court.

These rulings of the court were made upon the theory that the defendant could not invoke the doctrine of self-defense, but was proceeding alone on the defense that he was an officer duly authorized to make the arrest of Gladden at the time the blow was struck.

A police officer, while on duty and within his jurisdiction, is the representative of organized government, in dealing with crime and the maintenance of law and order. In the exercise of this authority he may and it is his duty to make arrests of persons violating the criminal laws without warrant, if such violations take place in his presence. When he is so acting, he is entitled to all of the protection incident to his position; but such protection is not limited by or governed by the rules applicable to the plea of self-defense.

In Birt v. State, 156 Ala. 29-37, 46 So. 858, quoting from Clements v. State, 50 Ala. 117, 119, the rule is stated to be: "In all cases, whether civil or criminal, where persons having authority to arrest or imprison, and using the proper means * * * are resisted in so doing, they may repel force with force, and need not give back: and if the party making resistance is unavoidably killed in the struggle, this homicide is justifiable."

The doctrine of self-defense has no application in such cases, because it is the duty of the officer to effect the arrest or imprisonment of the offender, without the use of unnecessary or improper violence. So, when the trial court admitted the evidence relative to threats made by the deceased against the defendant, and evidence as to the character of the deceased as being a violent and bloodthirsty man, he did not commit error in limiting the evidence to the defense to which the defendant was entitled.

This evidence of bad character was admissible and competent to enable the jury to determine the degree of the offense and the character and measure of the punishment. Fields v. State, 47 Ala. 603, 11 Am.Rep. 771; Eiland v. State, 52 Ala. 322; Morgan v. State, 20 Ala. App. 331, 102 So. 236.

The evidence offered by the defendant, tending to prove the reputation of deceased for peace and quiet, was properly excluded by the trial court. There was evidence tending to prove the character of deceased as being a violent and bloodthirsty man, but the court refused to permit the defendant to introduce evidence as to the general character of the deceased for peace and quiet without coupling with

the inquiry the reputation of the deceased as being a violent, dangerous, turbulent and bloodthirsty man. This identical question is decided in the cases of Tribble v. State, 145 Ala. 23, 40 So. 938; King v. State, 17 Ala. App. 381, 85 So. 876, and authorities there cited.

Refused charge 4, requested by the defendant, is held to be good and its refusal error. The exact charge is to be found in Price v. State, 20 Ala.App. 201, 101 So. 300, and the principle announced in the charge is supported by the decisions in the following cases: Bryant v. State, 116 Ala. 445, 446, 23 So. 40; Prater v. State, 107 Ala. 26, 27, 18 So. 238; Cannon v. State, 17 Ala.App. 82, 81 So. 860; McKenzie v. State, 19 Ala.App. 319, 97 So. 155; Hill v. State, 19 Ala.App. 618, 100 So. 314.

The refused charge 13 was held to be good and its refusal reversible error in Fetner v. State, 22 Ala.App. 128, 113 So. 467. The holding in the Fetner case, supra, is based upon the decisions in Brown v. State, 118 Ala. 111, 23 So. 81; Stevens v. State, 6 Ala.App. 6, 60 So. 459; and, Code 1923, Section 9509. The notation on the charge, by the trial judge, evidences the fact that the charge was not covered in his oral charge or in the charges given at the request of the defendant.

Defendant's refused charge 17 has been approved as a correct statement of the law and its refusal error in the following cases: Bufford v. State, 23 Ala. App. 521, 128 So. 126; Olden v. State, 176 Ala. 6, 58 So. 307; Bailey v. State, 168 Ala. 4, 53 So. 296, 390.

The principles of law as stated in the defendant's refused charge 19 were amply covered in the court's oral charge. Moreover, the charge is an argument and, for the above reason, was properly refused.

We have given careful consideration to that ground of the motion charging that the verdict rendered was a "quotient verdict." The evidence on this question was presented to the trial court; and, in our opinion, the finding of the court is correct, and is not to be disturbed.

For the errors committed by the court for the refusal of the charges indicated, the judgment is reversed and the cause is remanded.

Reversed and remanded.