190 So. 108

### LANCE v. STATE.

#### 7 Div. 478.

Court of Appeals of Alabama.

June 13, 1939.

J. A. Johnson, of Fort Payne, for appellant.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

572

RICE, Judge.

Two officers of the law, in due possession of a proper search warrant, searched appellant's home on a Sunday night in May, 1936. They found under his kitchen floor—by means of raising a loose plank in same—some two gallons and three quarts of whiskey.

Standing alone, this fact would not, we believe, have been sufficient upon which to base his conviction of the crime of unlawfully being in possession of prohibited liquor.

But the State's testimony was to the effect that appellant, while being cordial and co-operative during the progress of the search, up to a certain point, took "French leave" from the presence of the officers, and the shelter of his home, the moment the liquor cache was uncovered.

The jury evidently believed, as it had a right to do, the State's testimony. So the questions arise: Should the trial court have given to the jury at appellant's request the general affirmative charge to find in his favor; or, failing that, should it have granted his motion to set aside their verdict and award unto him a new trial?

He, of course, denied any interest in, or knowledge of, the whiskey; and claimed that he ran upon the "approach of the officers"—because, as he said, he feared arrest because of a fight he had had some days before.

It has long been the law in this State that "All evasions, or attempts to evade justice, by a person suspected or charged with crime, are circumstances from which a consciousness of guilt may be inferred, if connected with other criminating facts. Of themselves, they may not warrant a conviction, but they are relevant *as evidence*, and *the weight to which they are entitled, it is the province of the jury to determine* * * *. Flight, for which no proper motive can be assigned, and which remains unexplained, is a circumstance all authorities agree it is proper to submit to the jury, in connection with other evidence tending to show the guilt of the accused." (Italics supplied by us). Per Brickell, C. J. in Bowles v. State, 58 Ala. 335.

As remarked by Chief Justice Brickell in the case cited: *Fatetur facinus qui judicium fugit.*

King Solomon's version was: "The *wicked* flee when no man pursueth." But we believe he would not have been averse to substituting *guilty* for *wicked,* had he written in a jurisdiction where our prohibition laws were in force as they were here in 1936. In any event, the latter part of his verse from which we have quoted— "but the righteous are bold as a lion" (Proverbs 28:1) would have its full force and effect; and would serve, even under the statement of the principle by Chief Justice Brickell, supra, to throw the question of appellant's guilt vel non in the present case to the jury sitting in same. And see Owens v. State, 215 Ala. 42, 109 So. 109; Kelley et al. v. State, 226 Ala. 80, 145 So. 816; and Alabama and Southern Reporter Digest, Vol. 7, Criminal Law, &#x2295;351 (3).

It is apparent from what we have written that it is our opinion both questions we have stated hereinabove should be answered in the negative.

No other questions appearing worthy of mention, the judgment should be affirmed. And it is so ordered.

Affirmed.