2 So.2d 333

### STARNES v. STATE.

#### 8 Div. 866.

Court of Appeals of Alabama.
April 22, 1941.

Rehearing Denied May 13, 1941.

W. C. Rayburn, of Guntersville, for appellant.

Thos. S. Lawson, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

Appeal from a conviction of assault with intent to murder. One Matchen, night watchman in Guntersville, Alabama, testified that he sought to arrest the defendant on one of the streets of the city, at which time defendant was drunk and cursing his wife; that defendant resisted arrest, knocked him down with a piece of pipe, took his pistol from him, hitting him with it, and then fled the scene. Matchen claims to have received certain injuries. Thus, the trial upon the charge aforesaid.

We deem it. hardly necessary to observe that if the defendant, as testified to, was on the street, drunk, and cursing his wife, he was committing a public offense. Code 1923, Section 3883, Code 1940, Tit. 14, § 120. If Matchen was an officer of the law, the offense being committed in his presence, it was his duty to arrest him. Dyson v. State, 28 Ala.App. 549, 189 So. 784. And if not an officer, then, as a private citizen, he was authorized to make the arrest. Code 1923, Section 3267, Code 1940, Tit. 15, § 158. Therefore, there was no substantial injury to the defendant in the refusal of the court to permit counsel to further cross-examine Matchen as to his status as a police officer of Guntersville.

Proof that the defendant fled and was later apprehended in a distant state by the "Federal Authorities" was admissible as a circumstance against him. Lance v. State, 28 Ala.App. 571, 190 So. 108.

Likewise, it was competent to prove, by way of impeachment of the testimony of the defendant, that a scar on his face had been produced by a blow inflicted by another officer upon a different occasion, the defendant having already testified that Matchen had struck him, thereby causing the scar.

It appears that there were two indictments pending against the defendant, the one first preferred being imperfect in form. The defendant, however, was tried upon the one later preferred which was in all respects sufficient to charge the offense. There is no merit in the insistence that the defendant was prejudiced by being placed upon trial on the last indictment, although the first was still pending. Bell v. State, 115 Ala. 25, 37, 22 So. 526; Tolbert v. State, 28 Ala.App. 209, 181 So. 800, certiorari denied 236 Ala. 221, 181 So. 800. Especially so here, since the court, upon the conclusion of the trial entered an order quashing the first indictment.

The remaining insistences of error have been carefully considered and the entire case studied. We do not find error appearing. The case, in our opinion, should be affirmed. So ordered.

Affirmed.