11 So.2d 563

**WILSON v. STATE.**

4 Div. 683.

Court of Appeals of Alabama.

Dec. 15, 1942.

Rehearing Denied Jan. 12, 1943.

John C. Walters, of Troy, for appellant.

Wm. N. McQueen, Atty. Gen., and L. L. Mooneyham, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

Pickens Wilson killed Louis Fryer by shooting him with a pistol. On an indictment for murder in the first degree, he was convicted of murder in the second degree, and appeals.

The transaction occurred between midnight and 2 o'clock a.m., May 7, 1940, in the Colonial Inn, a roadhouse operated by appellant, Wilson. The case has just been presented and submitted to us for decision.

Deceased, as shown by evidence of the State, was shot four times, one bullet taking effect in his chest and ranging rearward and the other three entering the region of his back and emerging in various places in the front of his body.

■ The evidence of the State supported the charge of a most causeless murder, whereas that of the defendant tended to corroborate his claim of self-defense. Innocence or guilt and the degree were, under the facts, exclusively for the decision of the jury.

■ At the beginning of the trial, the defendant sought a continuance pending the outcome of a mandamus proceeding then in the Supreme Court, wherein he was seeking to require the jury commission to place additional qualified jurors on the jury roll and in the jury box for use in selecting his jury in the present case. The Supreme Court denied his petition (Wilson v. Brown, 241 Ala. 178, 1 So.2d 914), so, pretermitting other discussion, it now affirmatively appears that no prejudice resulted to the defendant in the overruling of the application for a continuance on this ground.

■ It is next insisted that the court erred in refusing to grant defendant a continuance because of the absence of a witness, not subpoenaed due to his service in the Army and removal from the State. It is axiomatic that motions for a continuance are vested within the discretion of the trial court. Hawkins v. State, 29 Ala.App. 221, 195 So. 762; 6 Ala.Dig., Criminal Law, ☞ 586. And contrary action thereon will not be revised upon review in the absence of a showing of gross abuse of that discretion. Chiles v. State, 26 Ala.App. 358, 159 So. 700. Here, the record affirms that the court committed no abuse of discretion in denying the motion for a continuance. The absent witness left the State, November, 1940. The trial occurred in May, 1941. From aught appearing, his depositions could have been taken in the interim, and,

as remarked by the trial court, "ordinary prudence would have dictated that you (the defendant) take his evidence."

C. D. Brooks, of the State Toxicological Department, had been so employed for three years, during which time and before he had had experience in observing bullet wounds on the human body to determine entrance and exit wounds respectively. He had made an extensive study of the question, particularly during this three-year period, and had examined and observed bullet wounds on some twenty or twenty-five persons. We think he was shown to be sufficiently qualified to give his opinion as to the entrance and exit wounds on the body of the victim.

■ The criterion for admission of expert testimony is that the witness, by study, practice, experience or observation as to the particular subject, should have acquired a knowledge beyond that of ordinary witnesses. 6 Ala.Dig., Criminal Law, ☞ 478. This he appears to have done.

■■ And whether a witness is shown to possess the requisite qualifications is a preliminary question largely within the discretion of the court. Mathis v. State, 15 Ala.App. 245, 248, 73 So. 122; Barlew v. State, 5 Ala.App. 290, 57 So. 601, certiorari denied Ex parte Barlew, 181 Ala. 88, 61 So. 912. Here, as we see it, the court committed no abuse of this discretion.

■ The witness, Brooks, was also shown to have had extensive experience as a photographer, in taking and developing pictures (photographs). He made some pictures at the funeral parlor the next day of that portion of the deceased's body where the bullet wounds appeared. These photographs tended to corroborate and elucidate his oral testimony regarding the wounds. He testified that these pictures accurately portrayed the wounds on the body. Their admission in evidence was proper.

■ If the photographs had a reasonable tendency to prove or disprove some material fact in issue, or shed some light upon some material inquiry, they were admissible even though they also might have tended to inflame the minds of the jury. Grissett v. State, 241 Ala. 343, 345, 2 So.2d 399; Birmingham Baptist Hospital v. Blackwell, 221 Ala. 225, 227, 128 So. 389; Sanders v. State, 202 Ala. 37, 79 So. 375; Lundy v. State, 17 Ala.App. 454, 85 So. 819, certiorari denied 204 Ala. 492, 85 So. 821; Commonwealth v. Sydlosky, 305 Pa.

406(3), 158 A. 154; State v. Holt, 47 Nev. 233, 219 P. 557(4).

■ The same principle governs the introduction of clothes worn by the deceased when killed. Grissett case, supra.

■ If such proffered evidence (clothing or photographs) shows the location of the bullet holes, it is held to be relevant "as shedding light upon the character and location of the wound[s] on the body, though it was merely cumulative evidence, and there was no dispute. It was a circumstance, material, if cumulative. The admission of cumulative evidence, even upon a fact not disputed, is not prejudicial error." Weems v. State, 222 Ala. 346, 347, 132 So. 711, 713; Hyche v. State, 22 Ala.App. 176, 113 So. 644, certiorari denied 217 Ala. 114, 114 So. 906; Pierce v. State, 28 Ala.App. 40, 178 So. 248.

Under the rule of the foregoing authorities, then, the photographs were relevant and, even though portraying a gruesome spectacle, were admissible.

■ Another question is the admissibility of the entire transcript of the testimony of State's witness, Benton, given on preliminary trial. The defendant had offered and was allowed to introduce portions of this testimony to impeach Benton's testimony given at the present trial. The State was then permitted to offer the remainder on rebuttal. Headnote 12 in Lester v. Jacobs, 212 Ala. 614, 103 So. 682, 683, epitomizes the holding of our Supreme Court on this question: "Where defendant, on cross-examination of plaintiff's witness, introduced part of former testimony of such witness without limitation and without declaring its purpose, but apparently *in nature of impeachment after due predicate,* * * * plaintiff was properly permitted to introduce the whole of such testimony on rebuttal." (Italics supplied.) In observance of this rule, the trial court cannot be placed in error for his action in allowing the introduction of Benton's entire testimony.

■ Defendant's witness, Green, was properly cross-examined as to his occupation as bearing on his interest and credibility. 70 C.J., p. 811, § 1014; Id., p. 762, § 919; Boyette v. Bradley, 211 Ala. 370, 377, 100 So. 647. Furthermore, his answer, that he operated a rolling store, two filling stations, a grocery store, a dance hall and pool room, could not have possibly worked any prejudice against the defendant. Earnest counsel's contention for error on this point is wholly untenable.

Another question reserved and insisted upon as error relates to the refusal of the trial court to permit the defendant to prove by a certain witness (Stewart) that deceased had the reputation of being of a "quarrelsome nature."

■ There having been adduced by the defendant some evidence tending to prove self-defense, it was of course competent for the defendant to show that deceased was of known, violent, turbulent, bloodthirsty, revengeful or dangerous character. 11 Ala.Dig., Homicide, ☞ 188(3) (5), 163(2).

■ The rule seems to be that "it is improper to inquire into the general character of the deceased for peace and quiet *without coupling such proof* with proof of whether or not he was a *violent, dangerous, bloodthirsty, turbulent man,* even where there was some evidence of self-defense on part of defendant." Tribble v. State, 145 Ala. 23, Headnote 1, 40 So. 938, 939; King v. State, 17 Ala.App. 381, 85 So. 876; Dyson v. State, 28 Ala.App. 549, 189 So. 784. So, if the trial court had adhered to his ruling forbidding Stewart to answer defendant's counsel's question, "Do you know, or do you think you know his general character in the community in which he lived for peace and quiet?" there, probably, would have been no error.

Later, the court appears to have amended his ruling, anyway, and remarked: "Well, I will change my ruling on that. I will let you show his general character in the community for peace and quiet, also for a bloodthirsty, violent, dangerous disposition, *but not for quarreling.*" So the question for decision is the contended error in refusing the proof that the reputation of the deceased was that of a "quarrelsome disposition" or naure. Counsel for defendant contend that Lambert v. State, 205 Ala. 547, 88 So. 847, furnishes authoritative basis for error. But, if authority on this point at all, it seems rather to support the adverse contention of the Attorney General.

■ The authorities elsewhere are divergent, but in Alabama the question seems settled. The action of the court was proper. In our case of Bullington v. State, 13 Ala.App. 61, 68, 69 So. 319, 322, the observation by Mr. Justice Brown, now of our Supreme Court, is directly apposite: "Proof of the general character of the deceased

as a violent, blood-thirsty, dangerous man was admissible as defensive matter, as tending to justify more prompt and decisive means of self-defense, *but this doctrine cannot safely be extended to embrace mere quarrelsome* and fighting characters." (Italics supplied.)   See authorities there cited; also Murphy v. State, 14 Ala.App. 78, 87, 71 So. 967; 64 A.L.R. 1039, Note IV.

■   But, without dealing in such abstruse technicalities, no prejudicial error appears. in disallowing the defendant to indulge in such redundancies. An interesting case in this connection is State v. Fletcher, Mo.Sup., 190 S.W. 317, 322, Syl. (14).  The shade of difference between the term "quarrelsome" and those permitted by the trial court fails to impress us.  Reasoned thus then, under the rule now prevailing (Sup.Ct. Rule 45), no prejudicial error probably injuriously affecting any substantial right of the defendant appearing, his insistence must be overruled.

■   For like reason, others aside, we hold that no prejudice resulted in the refusal of the defendant's special written charges.  The learned trial judge elucidated with care the applicable law, and, in addition to his oral charge, gave, at the request of the defendant, thirty-five special written charges.  All pertinent propositions of law *sought* to be elicited by the refused charges were fully and substantially covered in the oral and given charges. Hence there was no error in the refused charges.  Turner v. State, 29. Ala.App. 13, 191 So. 392; Rule 45, Code 1940, Tit. 7, Appendix.

■   Specifically, the unnumbered charge (Record, p. 16), pressed upon us as improperly refused, was manifestly abstract and misleading because there were State's witnesses other than Benton.  Adequate authority for the propriety of refusing this charge is in Baxley v. State, 18 Ala.App. 277, 90 So. 434, certiorari denied 206 Ala. 698, 90 So. 925.

■   The exception reserved relative to the argument of the solicitor is not clear. Before nisi prius action can be revised here, error must be manifest, and appellant has the onus of establishing it.

■   But if we have properly interpreted the record, it appears that the remarks of the solicitor, to which exception was reserved, were justifiable in answer to previous argument of defendant's counsel. This appears to be the basis of the overruling of the objection and in this we can find no error.

The whole case considered, with special treatment of all meritorious questions, including those urged by learned counsel for appellant, it is our conclusion that no prejudicial error prevailed in the trial

The judgment is affirmed.

Affirmed.

## On Rehearing.

### PER CURIAM.

■   The Grissett case (Supreme Court), cited supra, is complete authority sustaining the admissibility of the photographs depicting the wounds on Fryer's body. A comparative study of the records in the two cases reveals that, as to this particular question, they bear a marked similarity.  Both cases were tried before the same court (Pike Circuit).  The photographs were taken at the same undertaking parlor, under substantially identical circumstances, by a qualified official of the State Toxicological Department. In each case the predicative and identifying evidence, proffered at the respective trials to support the introduction of the photographs, was substantially the same.  The rulings of the Supreme Court in the Grissett case control (Code 1940, Title 13, § 95), and further treatment of the subject would be superfluous.

The contention that error prevailed in the overruling by the trial court of the motion for a new trial is unsustainable. There was ample evidence (the credibility of which was for the jury) to sustain the verdict returned.  And, as observed in our original opinion, evidence on the question of justification was in strict conflict.  In the light of the well-known presumption to be accorded the ruling of the trial court on such motions, we must, upon review here, affirm the correctness of that ruling in the case at bar.

Rehearing denied.