27 So.2d 233

**JACKSON v. STATE.**

6 Div. 234.

Court of Appeals of Alabama.

June 25, 1946.

Rehearing Denied Aug. 1, 1946.

485

F. D. McArthur, of Birmingham, for appellant.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The deceased, named in the indictment, was the wife of this appellant. She died as the result of a pistol shot wound, and when this occurred, no one was present except the defendant and the deceased. It happened in their home in the early part of the night on the day in question.

The indictment charged murder in the first degree. Upon the trial in the court below, the jury returned a verdict finding the defendant guilty of manslaughter in the first degree, fixing his punishment at imprisonment for a term of three years. In accordance with said verdict the court duly sentenced him to serve three years imprisonment in the penitentiary. From the judgment of conviction this appeal was taken.

The pertinent statement of facts appears to be correctly stated in brief of counsel for appellant, and is as follows: "The evidence showed that the defendant Prather Jackson and his wife, both negroes, were living at Tarrant, a suburb of Birmingham, in house No. 61 of what is known as the National Cast Iron Pipe Company quarters, the defendant being an employee since 1941, April 14. The house was a 'shot gun' three room structure and it appears the woman was shot in the middle room. The evidence shows that the defendant had been in to a store known as Loveman's on the 29th day of January, 1944, on a mission for his wife, to get her package and was on his way on the street car to his usual place of alighting from the car when he saw his wife a block or so before reaching such usual place and she beckoned to him to get off the car which he did near a store and about a block from Pinson Pike, a street running parallel to the car line and which they had to cross on their route to their usual place of abode. Deceased had a knife and abused defendant at this place but no difficulty other than that, for as he said he stayed out of her way and they went on to a house of a neighbor, Annie Smith, the second house from where they lived where the telephone was used; at this place the defendant said to his wife something about come on home and cook but she said she was tired and did not feel like it when the defendant sought to call his mother over the telephone but getting no answer they

both went to their house. Annie Smith, who saw them at her house, says they were both in a good humor and neither one appeared to be angry with the other up to the time they left. As to what occurred subsequently only the testimony of the defendant is available and he says that he was sitting on the side of the bed when deceased began cursing him and told him she was going to kill him and got a pistol, his pistol, from a dresser drawer and before she could do anything with it he grabbed her and a scuffle ensued and during the scuffle the pistol was fired twice one of the bullets striking deceased somewhere near or below the arm pit. The defendant at the time states he did not know she was shot; that she walked out through the kitchen, down the back steps and when he went out she was lying down near the steps on the ground calling a negro woman, Texanna Moore, 'mother, mother, mother;' the defendant went out and looked at her and when Texanna said she was dead the defendant said not but when told she was he picked up and carried her in the house getting as far as the kitchen where he layed her down. He said he gave down on the steps, due to her weight. He then went over to the second house and there remained until he was placed under arrest by the Tarrant police. The clothes worn by the deceased were exhibited to the jury showing the bullet hole. The evidence tended to show that the deceased was a woman of violent and quarrelsome disposition and had attacked the defendant many times before cutting on different occasions him with a knife. Several colored witnesses and one white testified to her bad reputation in this regard and to the good reputation of the defendant."

Pending the trial in the court below numerous objections were interposed and exceptions reserved to each adverse ruling of the court.

We gather from the brief of able and earnest counsel for appellant that the principal insistences of error to effect a reversal relate to the action of the court (1) In refusing to grant the motion of counsel for appellant to exclude the testimony and discharge the defendant made when the State closed its testimony and rested for the State. (2) In refusing to give at the written request of defendant the general affirmative charge. And (3) The action of the court in overruling and denying defendant's motion for a new trial.

After a very careful consideration of the entire transcript and also of every proposition presented for our consideration, we are of the opinion the facts adduced upon the trial presented a jury question, and therefore we are unable to accord to or give approval to either of the insistences (1) and (2) above quoted.

. The testimony tended to show that the pistol bullet wound, which caused the death of the deceased, was located as having entered her body "about two inches below, and two inches back, from the center of the arm pit, and lodged between her breasts just under the skin," from which it was extracted by an attendant at the undertaking parlor to which her body had been carried. The bloody sweater, and bloody waist, deceased was wearing at the time she was shot and killed, were properly allowed in evidence, and were in the possession of the jury during their deliberations on this case. These two garments have been properly certified to this court, and upon examination the above-stated testimony as to the location of the death wound is substantiated by these physical facts. As stated, these material questions of facts were unquestionably for the jury to determine.

We take no issue with the argument of appellant's counsel as to the law, and especially as announced by this court in the case of Barnett v. State, 21 Ala.App. 646, 111 So. 318, upon which special stress appears by appellant's able counsel. The facts of this case are very divergent from the facts in the Barnett case. In that case the location of the wound on the injured third party had the effect of substantiating the insistence of the defendant that the firing of the pistol was accidental, and not as a result of volition upon the part of the accused. Here, and upon the trial of this case in the court below, the theory of the State is to the effect that defendant shot

the deceased and that his statement she received the wound while they were tussling with the pistol was not true and further that the location of the wound upon the body of deceased was such as to contradict and refute the testimony of defendant as to how the wound was inflicted.

The main and controlling question in the case at bar is, whether or not the defendant intentionally fired the shot that resulted in the death of his wife. As we see it, and construe the record, the trial court endeavored in every way to allow and permit the defendant to present testimony of every fact and circumstance tending to substantiate his contention. We have discovered no ruling of the trial court which should or could be construed as abridging this right of the accused. To the contrary, we are of the opinion that by the rulings of the trial court he was allowed a much wider latitude than he was entitled to, and we think it would be difficult to conceive of a fairer trial in every way, than was accorded the defendant in this case.

There are a number of other points of decision insisted upon in the excellent brief filed in appellant's behalf. We can see no necessity of discussing all of these numerous propositions being of the opinion it would add nothing to what has been said. We will, however, state we have very carefully and attentively considered each and every insistence presented by appellant upon this appeal and have discovered no error in any of these rulings complained of which even tended to injuriously affect the substantial rights of the defendant. The foregoing statement is incorporated for the purpose, if review is sought, by certiorari or otherwise, the appellant will not be deprived of the right of incorporating each and every insistence which we have refrained from discussing, as not being necessary.

From what has been said we hold there was no error in the action of the court in overruling and denying defendant's motion for a new trial.

Affirmed.