35 So.2d 115

**PRUETT et al. v. STATE.**

**8 Div. 634.**

Court of Appeals of Alabama.

April 20, 1948.

John C. Martin, of Sheffield, and Bradshaw & Barnett, of Florence, for appellants.

A. A. Carmichael, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

CARR, Judge.

The defendants below were jointly indicted for assault with intent to murder. The trials were consolidated and resulted in separate verdicts finding each guilty as charged.

The major portion of appellants' brief is taken up with the insistence that the evidence is not sufficient to sustain a conviction and error should be charged for the refusal of the general affirmative charge.

The evidence for the State consisted of the testimony of the assaulted party, the attending physician, the sheriff of the county, and some exhibits. For the defendants there was one witness who gave some slight

facts in the nature of a warning to the accused that induced their flight to a distant state; and also he testified that he saw the appellants at a ball game during the afternoon just prior to the night of the assault. Neither of the defendants testified in the cause.

The assault occurred at night, about 9 p. m. Early on the same afternoon the assaulted party, who was a deputy sheriff, and another officer observed the two defendants riding in a 1939 Mercury car. Appellant Bailey was driving the automobile. The officers had information that Bailey's driving license had been revoked, and they attempted to stop the car by sounding their siren. A chase of about eight miles ensued, finally ending when the officers' automobile got stuck in the mud.

About 9 o'clock that night the two officers again observed the same car. Bailey was driving and the appellant, Pruett, was his only passenger. Another chase followed, which was perhaps of greater distance than the former.

At a point in the road near where the officer was afterwards shot, a log partially blockaded free passage, the back automobile was required to slow down, and the sight of the car ahead was lost for the first time during the chase. However, driving a short distance after passing the log, the officers observed the 1939 Mercury standing in the middle of the road just ahead. Its lights were turned out. At this place in his testimony the officer deposed: "Phillips was driving the car. He stopped and I got out on the right side and started around to their car. Mr. Phillips had his lights on at that time and I made a turn to tell him to cut his light off his car, I had a flash light in my hand, and just as I made a turn to tell him to cut his lights off, I made the turn kinda with my back towards the other car, then is when I was shot in the left side, arm and back; and there was two other shots fired from the left side of the road."

It appears from the testimony that all of the shots were made with shotguns and those from the left side of the road were directed at the officers' car. When the deputy got out of his car, as indicated in his statement above, he carried his flash light in one hand and his pistol in the other.

Aid was sought for the wounded man and the officers' automobile was not removed. The incident was reported to the sheriff, who went promptly to the scene of the shooting. There he saw the deputies' car with shot imprints up and down the left side thereof. About nine steps from the car, on the left, was found an empty twelve-gauge shotgun shell and on the right a loaded shell of the same size was discovered.

Extensive search was forthwith made for the two defendants. Neither was then apprehended, but later they were taken into custody by the policemen at Grand Rapids, Michigan.

In the search just after the shooting a twelve-gauge single barrel shotgun was found at the place where appellant Bailey lived, and at appellant Pruett's father's home the sheriff got a twelve-gauge automatic shotgun, which was at the time "jammed with a No. 5 Super X shell." Both of the guns were examined by the sheriff and according to his opinion had been recently fired.

We have made effort to delineate the tendencies of the testimony with some detail in order that the instant question may be fully and fairly presented.

The nature and extent of the inflicted wounds and the circumstances incident to the assault clearly sustain the verdict so far as the degree of the crime is concerned. No insistence otherwise is made.

It is evident that a conviction depended in the main on circumstantial evidence. It is apparent, also, that the doctrines of conspiracy and "aid and abet" have places in the review.

■■ It is a familiar rule that "a person charged with a felony should not be convicted unless evidence excludes to a moral certainty every reasonable hypothesis but that of his guilt, and that, no matter how strong the circumstances were, they did not come up to full measure of proof which the law required if they could be reasonably reconciled with theory that defendant was innocent." Wilson v. State, 243 Ala. 1, 8 So.2d 422, 426, Tatum v. State, 20 Ala.App. 24, 100 So. 569. It follows that

if the evidence does exclude to a moral certainty every reasonable hypothesis, etc., a conviction is authorized on circumstantial evidence.

In Crawley v. State, 15 Ala.App. 327, 73 So. 222, 223, Judge Pelham writing for this court had this to say: "It is a primary rule of the law of conspiracy that if two or more persons enter into a combination or confederation to accomplish some unlawful object, any act done by any of the participants in pursuance of the original plan and with reference to the common object is, in contemplation of law, the act of all."

It is a legal truism, approved by all the authorities, that a conspiracy may be established or proven by circumstantial evidence, and it is not required to show that the prearrangement existed for any definite time prior to the commission of the crime in consummation thereof. As it has been expressed, it may be formed "on the spur of the moment." Jones v. State, 174 Ala. 53, 57 So. 31, 32; Skumro v. State, 234 Ala. 4, 170 So. 776; Lash v. State, 244 Ala. 48, 14 So.2d 229; Macon v. State, 30 Ala.App. 276, 4 So.2d 439; Bailey v. State, 11 Ala. App. 8, 65 So. 422.

"The distinction between an accessory before the fact and a principal, and between principals in the first and second degree, in cases of felony, is abolished; and all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid or abet in its commission, though not present, must hereafter be indicted, tried, and punished as principals, as in the case of misdemeanors." Title 14, Sec. 14, Code 1940.

"Aid and abet 'comprehend all assistance rendered by acts or words of encouragement or supports or presence, actual or constructive, to render assistance should it become necessary. No particular acts are necessary. If encouragement be given to commit the felony, or if, giving due weight to all the testimony, the jury are convinced beyond a reasonable doubt that the defendant was present with a view to render aid should it become necessary, then that ingredient of the offense is made out.' " Jones v. State, supra.

We will not attempt to collate the recited facts to the doctrines we have announced. Let it suffice for us to say that in recognition of these familiar rules, the court below did not err in refusing the general affirmative charge to the defendants or either of them. Blue v. State, 246 Ala. 73, 19 So.2d 11; Moss v. State, 32 Ala.App. 250, 25 So.2d 700; Jackson v. State, 32 Ala.App. 484, 27 So.2d 233; Summers v. State, 32 Ala.App. 657, 29 So.2d 431; Brooks v. State, 248 Ala. 628, 29 So.2d 4.

Appellants' counsel in brief criticizes the officers for "chasing" the car on the two occasions indicated. Authorities are cited on the question of the right of an officer to make arrest without warrant, etc.

We do not see how this doctrine can be taken into account and have any controlling influence in the instant case. The facts do not support a justifiable assault. It cannot be successfully contended that the offenders could conceal themselves in the darkness of the night and at places some distance removed from the target of their fire and claim that there was a present peril of harm to them, or that they could not have retreated in safety. This is true even though the assaulted party had his pistol in his hand, as he admitted.

Assuming, but not deciding, that the officers exceeded the bounds of their legal rights in an effort to stop the parties to make investigations about the right to drive the car, this of itself did not warrant or excuse an unjustifiable and unlawful assault upon them.

We hold that it was not error to admit in evidence the facts with reference to the incident of the "chase" during the afternoon. This was material on the question of the identity of the parties, identity of the car in which they were riding, and motive for the assault. Brothers v. State, 236 Ala. 448, 183 So. 433; McDowell v. State, 238 Ala. 101, 189 So. 183.

It should be noted, also, that we are here dealing with a conviction dependent upon circumstantial evidence, in which case a wide latitude is allowed in the matter of introduction of evidence.

■ It was not subject to objections to permit the sheriff to state what he saw and found at the scene of the shooting when he went there soon after the occurrence. This came within the res gestae of the offense. Ellis v. State, 244 Ala. 79, 11 So.2d 861; Eden v. State, 24 Ala.App. 37, 129 So 797; Dodd v. State, 32 Ala.App. 504, 27 So.2d 259.

■ We entertain the view also that no error should be charged in the introduction of the evidence relating to the finding of the shotguns and shells at the places and under the conditions which we have outlined in the recitation of the facts in the case. This, too, comes within the competency of the rule pertaining to proof of facts on the basis of circumstantial evidence.

The sheriff was permitted to testify that he examined the guns so found and in his opinion each smelled of the odor of powder, which indicated to him that they had been recently fired.

■ The witness' qualification showed that his experience carried him into the field of much gun firing. He explained how it may be detected that a gun has been recently fired. The matter addressed itself largely to the enlightened discretion of the trial judge. We are not convinced that an abuse appears here. Wilson v. State, 31 Ala.App. 21, 11 So.2d 563; Hicks v. State, 247 Ala. 439, 25 So.2d 139; Collins v. State, Ala., 33 So.2d 18.

■ The assaulted party testified that he had been informed that the driving license of one of the defendants had been revoked. The sheriff gave evidence to the effect that he had information that both of the accused had been arrested in Grand Rapids, Michigan, after the offense in question had been committed. Objections were interposed to this line of questioning. The position taken is that it is based on hearsay. It related to matters more or less incidental to the main event and was not in any manner contradicted. If technical error intervened here, it was clearly without prejudicial injury to appellants. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix; Hornsby v. State, 16 Ala.App. 89, 75 So.

637; Gettings v. State, 32 Ala.App. 644, 29 So.2d 677.

The cases of Griffin v. State, 155 Ala. 88, 46 So. 481, and Burrow v. State, 23 Ala. App. 99, 121 So. 449, cited by appellants, are readily distinguishable from the case at bar on this point.

■ On cross examination the sheriff was asked: "Did they tell you about their information about a mob forming before they left?" This inquiry related to what the appellants may have told the officer when he saw them in Grand Rapids. The question assumes a fact that was not in evidence, and for this reason the answer was properly denied. Brooks v. State, 32 Ala. App. 389, 27 So.2d 48; Alabama Great Southern R. Co. v. Neal, 8 Ala.App. 591, 62 So. 554.

■ Testimony was allowed, over appellants' objections, pertaining to the search the officers made for the accused just subsequent to the assault. The State could not be denied the right to show the flight of those accused, and this line of inquiry was pertinent thereto and admissible therefor. Koch v. State, 115 Ala. 99, 22 So. 471; Sweatt v. State, 156 Ala. 85, 47 So. 194; Starnes v. State, 30 Ala.App. 156, 2 So.2d 333.

Appellants excepted to the following portions of the court's oral charge: "The words aid and abet comprehend and mean assistance rendered by acts, words of encouragement or support or presence at a place where crime is committed for the purpose of rendering assistance should it become necessary." "Now, if you are satisfied from the testimony beyond a reasonable doubt that one of these defendants is guilty of assault with intent to murder Mr. Bowling, and if you are satisfied from the evidence beyond a reasonable doubt that the other defendant was there for the purpose of aiding and abetting the first one; that is, that they were there aiding and abetting by lending their presence to give encouragement or support or aid or help if it should become necessary, I say that if you are satisfied of that beyond a reasonable doubt, in such instance both defendants would be guilty. If on the other hand you are not satisfied from the evidence beyond a rea-

sonable doubt that the defendants or either one of them is guilty of assault with intent to murder, or of aiding or abetting the other one of the offense of assault with intent to murder, then of course, gentlemen, it would be your duty to acquit the defendants."

This instruction is not out of harmony with the doctrines of "aid and abet" and conspiracy. Title 14, Sec. 14, Code 1940; authorities supra.

We do not agree with counsel that there was no evidence from which the jury was authorized to find that there was a conspiracy to commit a crime. The evidence tends strongly to the contrary.

We have treated all questions presented by the record that merit discussion.

It is ordered that the judgment below be affirmed.

Affirmed.